## Commonwealth ex rel. Williams C. Bowie, *v.* R. H. B. Bowie, Jr., Appellant.

*Parent and child—Order of support—Amount—Excessive order—Modification.*

In a proceeding against a father for the support of his child. the station in life of the child is to be determined by the condition of the father.

In such a case the child is entitled to an allowance sufficient to maintain it in a manner reasonably warranted by the station in life and financial resources of its father.

An award of $350 per month against the father for the support of his child is excessive and will be modified where it appears that the defendant's income is about $12,000 per year.

COM. ex rel. BOWIE, *v.* BOWIE, Appellant      289

288, (1926).]   Statement of Facts—Opinion of the Court.

Argued October 8, 1926.  Appeal No. 273, October T., 1926, by defendant, from order of M. C. (Domestic Relations Division) Philadelphia County, see petition for support No. 64940, in the case of Commonwealth of Pennsylvania ex rel. Williams C. Bowie, by his mother and next friend Christine B. Bowie, v. R. H. B. Bowie, Jr.  Before, PORTER, P. J. HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ.  Modified.

Proceeding against a father to compel the support of his child.  Before, MacNEILLE, J.

The facts are stated in the opinion of the Superior Court.

The court entered an order directing the payment of $350 per month.  Defendant appealed.

*Error assigned* was the order of the court.

*W. W. Montgomery, Jr.,* of *Roberts & Montgomery,* for appellant.—The order was excessive: Lynn v. Lynn, 68 Pa. Super. Ct. 324; Commonwealth ex rel. v. Kramer, 80 Pa. Super. Ct. 210; Edgar v. Edgar, 28 Pa. Superior Ct. 220; McAndrews v. McAndrews, 31 Pa. Superior Ct. 252; Crawford v. Crawford, 54 Pa. Superior Ct. 304; Betz v. Betz, 70 Pa. Superior Ct. 396; Commonwealth ex rel. v. Sherritt, 83 Pa. Superior Ct. 301.

*John C. Bell, Jr.,* of *Bell, Trinkle, Truscott and Bell,* and with him *Charles Edwin Fox, District Attorney,* and *Franklin E. Barr, Assistant District Attorney,* for appellee.—The order was reasonable: Commonwealth ex rel. Betts v. Betts, 76 Pa. Sup. 96.

OPINION BY TREXLER, J., December 10, 1926:

The child for whom support from the father is asked is in the care of his mother and is four years of age.

The Municipal Court fixed $350 per month as the proper amount to be paid. The appellant, the father of the child, claims that this sum is too high.

The mother of the child, the former wife of the appellant was reared in luxury. We gather from the testimony that her parents were wealthy and maintained an expensive establishment and are still contributing liberally to her support. She considers it necessary to continue the same manner of living as she was accustomed before her marriage, a living appropriate to her station in life. The standard thus set, it is claimed, is to control the court in fixing the sum necessary for the support of her infant child.

The changes in her condition consequent to her unfortunate marital experiences apparently are not to be considered as affecting the station of life of the parties to this controversy and her former husband whose income is about $12,000 a year is to pay for the support of his infant son not such sum as would be fairly proportionate to his income, but such as is required to maintain the child in accordance with the demands of the social sphere in which the mother moved. This included the renting of a separate bedroom with bath in an expensive apartment house, a nurse, liberal allowance for clothing, toys, etc. We cannot agree to this proposition. The station of life of this child is to be determined by the condition of the father and not of the wife's parents. The reasonable and comfortable support and maintenance of the child are to be commensurate with the ability of the father and in considering his ability, the proportion that the amount ordered to be paid bears to his entire income, is an important element. If the father and mother of this child had not been divorced and she would ask for support, she would be entitled to an allowance sufficient to maintain her in a manner reasonably warranted by the station in life and finan-

COM. ex rel. BOWIE, *v.* BOWIE, Appellant      291

288, (1926).]            Opinion of the Court.

cial resources of her husband.  Betz v. Betz, 70 Pa. Superior Ct., 396.  The amount fixed for the support of the child must be determined by the same standards. We consider $350 a month excessive.  We think $200 is amply sufficient and accordingly, we will modify the order.

The order of the municipal court fixing $350 a month for the support of William C. Bowie is modified and the amount is now fixed at $200.  The costs of this appeal to be borne by the appellant.