Conway *v.* Dana, Appellant.

Argued March 13, 1973.  Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Paul H. Titus,* with him *Kaufman & Harris,* for appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE NIX, March 26, 1974:

The sole issue presented by this appeal is whether the lower court abused its discretion in denying appellant's petition for reduction of an order of support awarded for the benefit of his two minor children.

Appellant, Warren B. Dana, filed a petition for reduction of a support order requiring him to pay $250.00 per month for support of his two daughters as well as an additional $50.00 per month toward orthodontist fees. The court below denied the petition and a timely appeal was taken to the Pennsylvania Superior Court. This appeal was discontinued[1] and a second hearing was held below upon the petition for reduction. The court again refused to grant the petition and an appeal was taken to the Superior Court which affirmed the action of the court below in a *per curiam* opinion. *Conway v. Dana,* 221 Pa. Superior Ct. 827, 292 A.2d 428 (1972). We granted allocatur.[2]

The appellant has predicated his request for a reduction upon the following material change of circumstances: A marked decrease in his income from approximately $12,400 per year to $10,600 per year, reducing his take-home pay to $625 per month. In addition, since the entry of the support order the appellee, his former

---

[1] Appellant's private attorney had withdrawn from the case immediately prior to the time to file briefs in the Superior Court. New counsel from the Neighborhood Legal Services Association discontinued the appeal and sought a new hearing from the lower court on the petition for reduction which is the subject of the instant appeal.

[2] Appellee has not entered an appearance before this Court.

wife, has secured employment and receives a net salary of $700.00 per month.

A father has the responsibility to support his children, *Hecht v. Hecht,* 189 Pa. Superior Ct. 276, 150 A.2d 139 (1959) to the best of his ability, *Commonwealth v. Cleary,* 95 Pa. Superior Ct. 592 (1929). His capacity to support is determined by the extent of his property, his income, his earning ability and the station in life of the parties. See *Commonwealth ex rel. O'Hey v. McCurdy,* 199 Pa. Superior Ct. 115, 184 A.2d 291 (1962); *Commonwealth ex rel. Weisberg v. Weisberg,* 193 Pa. Superior Ct. 204, 164 A.2d 54 (1960); *Hecht v. Hecht, supra; Commonwealth ex rel. Thompson v. Thompson,* 171 Pa. Superior Ct. 49, 90 A.2d 360 (1952); *Commonwealth ex rel. Goldenberg v. Goldenberg,* 159 Pa. Superior Ct. 140, 47 A.2d 532 (1946); *Commonwealth ex rel. Firestone v. Firestone,* 158 Pa. Superior Ct. 579, 45 A.2d 923 (1946); and *Commonwealth ex rel. Bowie v. Bowie,* 89 Pa. Superior Ct. 288, (1926).

We recognize the obligation of the father to make personal sacrifices to furnish the children with the basic needs; however, the order should not be unfair or confiscatory. The purpose of a support order is the welfare of the children and not the punishment of the father. *Commonwealth ex rel. Shumelman v. Shumelman,* 209 Pa. Superior Ct. 87, 89, 223 A.2d 897, 898 (1966); see also *Commonwealth ex rel. Arena v. Arena,* 205 Pa. Superior Ct. 76, 207 A.2d 925 (1965); *Commonwealth v. Camp,* 201 Pa. Superior Ct. 484, 193 A.2d 685 (1963).

A review of the record impressed upon us that the burden of support became more onerous as a result of the reduction in the income of appellant. However, we do not find that this particular change of circumstances, standing alone, created a situation so oppressive and unfair that a denial of the requested relief would warrant a finding of an abuse of discretion.

Appellant suggests that under our present law due regard is not given to the personal estate of the mother. He argues that the Equal Rights Amendment to the Pennsylvania Constitution[3] mandates that we discard any presumption with respect to liability for support predicated solely upon the sex of one parent. It has been held that the *primary* duty of support for a minor child rests with the father. *Commonwealth ex rel. Bortz v. Norris,* 184 Pa. Superior Ct. 594, 135 A.2d 771 (1957) ; *Commonwealth ex rel. Kreiner v. Scheidt,* 183 Pa. Superior Ct. 277, 131 A.2d 147 (1957) ; *Commonwealth ex rel. Silverman v. Silverman,* 180 Pa. Superior Ct. 94, 117 A.2d 801 (1955), and also that the income or financial resources of the mother are to be treated only as an attending circumstance. *Commonwealth ex rel. Yeats v. Yeats,* 168 Pa. Superior Ct. 550, 79 A.2d 793 (1951) ; *Commonwealth ex rel. Barnes v. Barnes,* 151 Pa. Superior Ct. 202, 30 A.2d 437 (1943) ; *Commonwealth ex rel. Firestone v. Firestone, supra.*

We hold that insofar as these decisions suggest a presumption that the father, solely because of his sex and without regard to the actual circumstances of the parties, must accept the principal burden of financial support of minor children, they may no longer be followed. Such a presumption is clearly a vestige of the past and incompatible with the present recognition of equality of the sexes. The law must not be reluctant to remain abreast with the developments of society and should unhesitatingly disregard former doctrines that embody concepts that have since been discredited.

---

[3] Pa. Const. Art. I, §27 provides:

"Prohibition against denial or abridgement of equality of rights because of sex

"Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual."

In the matter of child support we have always expressed as the primary purpose the best interest and welfare of the child. This purpose is not fostered by indulging in a fiction that the father is necessarily the best provider and that the mother is incapable, because of her sex, of offering a contribution to the fulfillment of this aspect of the parental obligation. The United States Supreme Court in rejecting an Illinois statute that presumed unmarried fathers to be unsuitable and neglectful parents observed: "Procedure by presumption is always cheaper and easier than individualized determination. But when, as here, the procedure forecloses the determinative issues of competence and care, when it explicitly disdains present realities in deference to past formalities, it needlessly risks running roughshod over the important interests of both parent and child. It therefore cannot stand." *Stanley v. Illinois,* 405 U.S. 645, 656-7 (1972).

We can best provide for the support of minors by avoiding artificial division of the panoply of parental responsibilities and looking to the capacity of the parties involved. Support, as every other duty encompassed in the role of parenthood, is the equal responsibility of both mother and father. Both must be required to discharge the obligation in accordance with their capacity and ability. Thus, when we consider the order to be assessed against the father, we must not only consider his property, income and earning capacity but also what, if any, contribution the mother is in a position to provide.

While we were impressed from the record with the careful and considerate treatment the parties received from the hearing court, we realize that the court was then proceeding under the former decisions of this jurisdiction. There is serious question what, if any, effect the fact of the mother's income had upon the decision. Combining the decrease in the father's income along

with the additional income resulting from the mother's recently acquired employment provides a sufficient change in circumstances to warrant a modification of the original order.

The order of the court below is vacated and the matter is remanded for further proceedings consistent herewith.

Mr. Chief Justice JONES dissents believing that allocatur was improvidently granted.