## Centracchio v. Meinhold

*William S. Hays*, for petitioner.
*Priscilla Meinhold*, respondent, p.p.

SPARVERO, *J.*, September 26, 1974 — The matter before the court is the support of two minor children, Armand Centracchio, II, born February 16, 1966, and Felicia Centracchio, born February 24, 1968.

Plaintiff, Armand Centracchio, and defendant, Priscilla Meinhold, are the natural parents of the minor children. This action was filed by the father, plaintiff herein. He was awarded custody of the children on August 16, 1973, in a custody proceeding heard by Judge Harper of this court. The order also provided that Mrs. Meinhold, defendant herein, is to have visitation rights every other week from Friday at 6 p.m. until Sunday at 6 p.m., for one week during the Christmas holidays and for one month during the summer vacation.

Hearings were held on June 19, 1974, and August 19, 1974. Mr. Centracchio was represented by legal counsel but Mrs. Meinhold was not. She indicated

that she wished to proceed without counsel and she did so at both hearings.

There are two issues involved. The first is whether the mother of minor children can be ordered to contribute to their support when their father has been awarded custody. The other issue is what is a fair and reasonable amount of support under all of the circumstances.

The question relating to requiring a mother to contribute to the support of minor children was decided in the case of Conway v. Dana, 456 Pa. 536, 318 A. 2d 324 (1974), which was decided on March 26, 1974. In that case, the Pennsylvania Supreme Court set aside all prior decisions which held that the father, solely because of his sex and without regard to the actual circumstances of the parties, must accept the principal burden of financial support of minor children. The court said: "Such a presumption is clearly a vestige of the past and incompatible with the present recognition of equality of the sexes." The court also held that the best interest and welfare of the child cannot be fostered by indulging in a fiction that the father is necessarily the best provider and that the mother is incapable, because of her sex, of providing a contribution to the fulfillment of this aspect of the parental obligation.

In keeping with the above decision, this court holds that both parents must be required to discharge the obligation of support in accordance with their capacity and ability. Thus, we will look to the income of both parents from any sources whatsoever.

The testimony reveals that each parent is employed. The father is employed by the Commonwealth of Pennsylvania at Woodville State Hospital

as a State Field Auditor and his net earnings after deductions for taxes and Social Security are $343 bi-weekly. This results in a net take-home pay of $743 per month. Mrs. Meinhold is employed and has a net take-home pay of approximately $376 a month after deductions for taxes and Social Security. Neither has any income other than that received from employment.

We also note that the father incurs expenses of approximately $340 a month for the children. The mother also incurs expenses when the children are visiting with her. She has indicated that these expenses are $125 for rent, $25 for gasoline, $82 for payment of a car loan, $50 for food and $15 for entertainment. Since these expenses were based on total of $250 rental for the house occupied by Mrs. Meinhold and her husband, and since the children are with her only six days out of the month, the court believes that a more reasonable amount for rental would be $25, a more reasonable amount for gasoline spent in connection with the visits would be $10 and a reasonable share of the car payments would be $20. The amounts of $50 for food and $15 for entertainment are accepted by the court. In addition, Mrs. Meinhold spends $4 a month on clothing for the children. These total $124 a month as the contribution being made by Mrs. Meinhold to the support of the children. If we add this amount to the $340 spent by the father, we get a total of $464 a month being spent for the children.

As hereinbefore noted, the father nets $743 a month and the mother nets $376 a month. If we add these together, we get a total of $1,119. If we prorate each one's earnings, we find that Mrs. Meinhold earns one-third of the total parental income. We then use this as her share of contribution to the total expenses incurred for the support of the

children. Since the total expenses come to $464 a month, one-third of that is approximately $154 a month. Since Mrs. Meinhold is already contributing $124 a month, it would leave a net balance of $30 a month as her contribution. However, during the months of June and July, Mrs. Meinhold will have the children for two weeks of each month, thus she should be required to contribute one-half of the monthly total during those months. During the month of December, Mrs. Meinhold will have the children for one week and she should be required to contribute three-fourths of the $30 during the month of December.

Accordingly, an order will be issued requiring Mrs. Meinhold to contribute to the support of the children, Armand and Felicia.

## ORDER OF COURT

And now, September 26, 1974, after hearing in open court, it is hereby found Priscilla Meinhold owes a duty of support to her children, Armand Centracchio, II, and Felicia Centracchio, and it is hereby ordered, adjudged and decreed that the said Priscilla Meinhold pay to the Family Division, Court of Common Pleas of Allegheny County, the sum of $30 a month except for the months of June and July, when said amount shall be $15 a month and the month of December when said amount shall be $22.50. One-half of the monthly payment shall be made on the 10th day of October 1974 and the other half thereof on the 24th day of October 1974 and like and equal amounts on the 10th and 24th day of each and every month thereafter for the support of Armand Centracchio, II, and Felicia Centracchio; said money to be turned over by said Family Division to the father of the children, Armand Centracchio.