Kushik *v.* Kushik, Appellant.

Argued September 27, 1973. Before JONES, C. J., EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

476

*Charles E. McKissock,* for appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE MANDERINO, November 20, 1974:

Appellant, Myron Kushik, and appellee, Mercedes Kushik were married on October 7, 1950. On February 19, 1968, the wife instituted a divorce action in Allegheny County and soon thereafter moved out of the family home. The husband and the parties' three sons continued living in the home. In May of 1968, the wife filed a petition for alimony pendente lite and counsel fees. After a hearing, the trial court, on May 31, 1968, ordered the husband to pay $40 per month and $175 in counsel fees.

On June 30, 1971, the wife filed a petition for enforcement of the original order and collection of arrearages. After a hearing, the trial court, on September 8, 1971, set the arrearages at $1,560.00, directed that alimony pendente lite continue at $40 monthly, and ordered that an additional $25 be paid monthly on the arrearages.

On May 17, 1972, the wife filed another petition alleging that the husband had failed to comply with the previous order and requesting that his wages be attached. A hearing at which the wife did not appear was held on June 7, 1972. At the conclusion of the hearing, during which the husband was not represented by an attorney, the trial court told the husband

that he should be represented and gave the husband until Tuesday of the following week to obtain counsel. The trial court further said that it would not issue an order in the meantime. Two days later, on June 9, 1972, four days before the deadline set by the trial court, the husband's attorney filed an answer to the wife's petition of May 17, 1972, and a cross-petition. The husband alleged, among other things, that his take-home pay was approximately $5,000 per year and that his wife's annual income was approximately $12,000. He further alleged that his wife had secured a divorce in the state of Virginia on June 14, 1970. The husband requested, among other things, a cancellation of the arrearages and of the alimony order. He also requested that the wife be ordered to contribute to the support of the three sons living with the husband. No hearing was scheduled or held after the husband's answer and cross-petition were filed on June 9, 1972.

Seventeen days later, on June 26, 1972, the trial court held that the original order was to remain in effect and ordered the husband's wages attached in the amount of $65.00 per month to pay arrearages set at $1,560.00. An appeal was taken from the trial court's order of June 26, 1972. The Superior Court affirmed. We then granted appellant's petition for allowance of appeal to this Court.

The husband on this appeal raises various issues, all of which were raised by his answer and cross-petition filed on June 9, 1972. These issues concern (1) the validity of the wife's Virginia divorce decree (2) the effect of the Virginia divorce decree, if valid, upon the husband's obligation to pay alimony pendente lite after the date of the Virginia decree (3) the husband's right to a cancellation of the outstanding support order and of some or all of the accumulated arrearages and (4) the relevancy of the wife's property and earnings in determining the obligation of parents

to provide support for their children. These issues cannot be properly considered at this time by this Court. No hearing was held in the trial court after the filing of the husband's answer and cross-petition and we do not have before us appropriate findings of fact and conclusions of law necessary to a consideration of the issues raised. The trial court's opinion indicates that the husband's earnings only were considered prior to the issuance of the order of June 26, 1972. We therefore vacate that order and remand the matter for a proper hearing and appropriate findings of fact and conclusions of law in light of our decisions in *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974); and *Stambaugh v. Stambaugh*, 458 Pa. 147, 329 A.2d 483 (1974); and in light of the Act of June 19, 1939, P. L. 440, No. 250, §1, 17 P.S. §263.

In *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974), we held that the Equal Rights Amendment to the Pennsylvania Constitution mandates that liability for child support not be predicated solely upon the sex of one parent. We said: "We can best provide for the support of minors by avoiding artificial division of the panoply of parental responsibilities and looking to the capacity of the parties involved. Support, as every other duty encompassed in the role of parenthood, is the equal responsibility of both mother and father. Both must be required to discharge the obligation in accordance with their capacity and ability. Thus, when we consider the order to be assessed against the father, we must not only consider his property, income and earning capacity but also what, if any, contribution the mother is in a position to provide." *Id.* at 540, 318 A.2d at 326.

In *Stambaugh v. Stambaugh*, 458 Pa. 147, 329 A.2d 483 (1974), we held that a valid divorce decree obtained in a sister state terminates the obligation of one spouse

to pay alimony to a former spouse, although alimony pendente lite is permitted in some cases.

The statue provides: "Any order heretofore or hereafter made by any court of this Commonwealth for the support of a wife, child or parent, may be altered, repealed, suspended, increased, or amended, and the said court may, at any time, remit, correct or reduce the amount of any arrearages, as the case may warrant." Act of June 19, 1939, P. L. 440, No. 250, §1, 17 P.S. §263.

Decree vacated and the matter remanded for proceedings consistent with this opinion.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.