## Prison Visitors

KANE, *Attorney General*, September 22, 1975—You have inquired as to whether the Act of May 14, 1909, P.L. 838, sec. 2, 61 P.S. §55, is constitutional inasmuch as it forbids an official prison visitor from interviewing an inmate of the opposite sex. You are hereby advised that the statutory provision in question is unconstitutional.

Article I, sec. 28, of the Pennsylvania Constitution (hereinafter referred to as the "Equal Rights Amendment") requires that:

"Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual."

Since the adoption of the Equal Rights Amendment in Pennsylvania on May 18, 1971, the courts of this Commonwealth have consistently and emphatically rejected statutes which discriminate against one sex or the other. In Conway v. Dana, 456 Pa. 536, 318 A. 2d 324 (1974), the Pennsylvania Supreme Court set aside a statutory provision which required the father, because of his sex, to bear the principal burden of financial support of minor children. The court held that such support is a responsibility of both parents and that the Equal Rights Amendment mandated a disregard for any presumption that the father, solely because of his sex, should be liable for the support obligations.

In Hopkins v. Blanco, 457 Pa. 90, 320 A. 2d 139 (1974), the court invalidated the common-law principle that only a husband has the right to recover damages for loss of consortium and extended the same right of recovery to the wife. The court stated that:

"The obvious purpose of the Amendment was to put a stop to the invalid discrimination which was based on the sex of the person. The Amendment gave legal recognition to what society had long recognized, that men and women must have equal status in today's world." 457 Pa. at 93, 320 A. 2d at 140.

In Henderson v. Henderson, 458 Pa. 97, 327 A. 2d 60 (1974), the court in a per curiam opinion,

struck down a statutory provision which allowed payments of alimony pendente lite, counsel fees, and expenses only to the wife-party in a divorce action as violative of the Equal Rights Amendment:

"The thrust of the Equal Rights Amendment is to insure equality of rights under the law and to eliminate sex as a basis for distinction. The sex of citizens of this Commonwealth is no longer a permissible factor in the determination of their legal rights and legal responsibilities. The law will not impose different benefits upon the members of a society based on the fact that they may be man or woman.": 458 Pa., at 101, 327 A. 2d, at 62.

In Commonwealth v. Butler, 458 Pa. 289, 328 A. 2d 851 (1974), the court held unconstitutional a section of the Muncy Act which prohibited trial courts from imposing minimum sentences on women convicted of crimes. The court stated:

"That the purpose of this constitutional provision was to end discriminatory treatment on account of sex is clear. . . . In this Commonwealth, sex may no longer be accepted as an exclusive classifying tool.": 458 Pa., at 296, 328 A. 2d, at 855.

Most recently, in Commonwealth v. Pennsylvania Interscholastic Athletic Association, 18 Pa. Commonwealth Ct. 45, 334 A. 2d 839 (1975), the Commonwealth Court declared sections of the Pennsylvania Interscholastic Athletic Association bylaws unconstitutional on their face under the Equal Rights Amendment and ordered the PIAA to permit girls to practice and compete with boys in interscholastic athletics. The court ruled that:

"If any individual girl is too weak, injury-prone, or unskilled, she may, of course, be excluded from

competition on that basis but she cannot be excluded solely because of her sex without regard to her relevant qualifications." 18 Pa. Commonwealth Ct. at 52, 334 A. 2d at 843.

Furthermore, in previous official opinions of the Attorney General, we have held various statutes that have language similar to the provision here in question to be violative of the Equal Rights Amendment.

Official Opinion No. 69, September 27, 1971, held that the Beauty Culture Act of May 3, 1933, P.L. 242, as amended, 63 P.S. §507, et seq., which by its terms precludes males from employing the services of a cosmetologist, cannot stand under the Equal Rights Amendment.

Official Opinion No. 71, October 15, 1971, held that sections of the Child Labor Law of May 13, 1915, P.L. 286, as amended, 43 P.S. §41, et seq. violated the Equal Rights Amendment by permitting male minors, but not female minors to distribute newspapers.

Official Opinion No. 150, 2 Pa.B. 1916 September 27, 1972, held that a portion of the Parole Act of August 6, 1941, P.L. 861, as amended, 61 P.S. §331.28, which barred persons of one sex from being paroled under the supervision of a parole officer of the opposite sex was unconstitutional under the Equal Rights Amendment.

Official Opinion No. 41, 3 Pa.B. 1185 June 8, 1973, held that a section of the Pennsylvania Athletic Code of August 31, 1955, P.L. 531, 4 P.S. §30.101, et seq., which prevented females from being licensed as boxers or wrestlers was violative of article I, sec. 28 of the Pennsylvania Constitution.

In light of the above cases and opinions of the Attorney General, please be advised that it is our

opinion that the questioned provision of 61 P.S. §55 is incompatible with the Equal Rights Amendment and, therefore, void and unenforceable in all State and county correctional institutions in the Commonwealth of Pennsylvania. Official prison visitors may interview inmates of either sex.