### Rollman Estate

*K. L. Shirk, Jr.,* and *David E. Wagenseller,* for accountant.

APPEL, Adm. *J.,* November 6, 1975—The issue before the court is whether a husband shall be required to pay the funeral expenses of his deceased spouse. Florence M. Rollman died on February 27, 1974, without leaving a will. She was survived by a husband, Clinton, and by three children, namely, ·Clair U. Rollman, Elizabeth U. Rollman and Dorothy K. Weidman. Letters of administration were granted to Clinton. In his account, he has taken credit for payment of funeral expenses in the sum of $1,192.

It is contended that the Equal Rights Amendment to the Constitution of Pennsylvania, adopted in 1971, has affected the law which imposes on the surviving husband the duty of payment of funeral expenses. The duty has existed sufficiently long so that it constitutes hornbook law. Consequently, we refer to 3 Hunter's Orphans' Court, p. 230, where it is stated that:

"A husband is primarily liable for his wife's funeral expenses and expenses incident to her illness, although she has a separate estate. The wife's estate is secondarily liable, but such expenses will be deducted from the husband's distributive share, if any."

The same principles are set forth in Partridge-Remick, Pa. O. C. Practice, Vol. 2, p. 15, §11.04, as follows:

"The surviving husband is, ordinarily, liable for payment of the funeral expenses of his wife, except where, by her will, she directs payment from her individual estate. He cannot, as administrator, charge them against her personal estate."

One other aspect of the existing law is pertinent

to the discussion. We refer to the effect of an election to take against the will on a testamentary direction that the funeral expenses be paid from the estate of testatrix. The existing law is stated in Mitchell's Est., 79 Pa. Superior Ct. 208 (1922), at page 210, as follows:

"In her will the testatrix directs the payment of her debts and funeral expenses, but so far as the latter are concerned the surviving husband is chargeable with them. He took against the will and cannot therefore claim the benefit of this direction, which being in relief of his legal liability is in effect a legacy to him."

Article I, sec. 28, of the Constitution of the Commonwealth titled "Prohibition against denial or abridgement of equality of rights because of sex," adopted May 18, 1971, provides as follows:

"Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual."

Inquiry must be directed toward determining whether the imposition on a husband of the duty to pay the funeral expenses of his deceased wife is a denial or abridgement of the husband's rights, when a similar duty has not been required of a wife in connection with the funeral expenses of a deceased husband.

In a per curiam opinion in Henderson v. Henderson, 458 Pa. 97, 327 A.2d 60 (1974), the Supreme Court in broad but discernible strokes indicated the effect to be given to the Equal Rights Amendment, as follows:

"The thrust of the Equal Rights Amendment is to insure equality of rights under the law and to eliminate sex as a basis for distinction. The sex of citizens of this Commonwealth is no longer a per-

missible factor in the determination of their legal rights and legal responsibilities. The law will not impose different benefits or different burdens upon the members of a society based on the fact that they may be man or woman."

In Conway v. Dana, 456 Pa. 536, 318 A.2d 324 (1974), Mr. Justice Nix, in discussing the presumption that the father must accept the principal burden of financial support of minor children, eloquently stated the attitude of the court toward the presumption. He said, at page 539:

"Such a presumption is clearly a vestige of the past and incompatible with the present recognition of equality of the sexes. The law must not be reluctant to remain abreast with the developments of society and should unhesitatingly disregard former doctrines that embody concepts that have since been discredited."

Mr. Chief Justice Jones has succinctly, but emphatically, noted the position of the court in DiFlorido v. DiFlorido,— Pa. —, 331 A.2d 174 (1975), as follows:

"With the passage of the Equal Rights Amendment, this Court has striven to insure the equality of rights under the law and to eliminate sex as a basis for distinction."

The strivings of the court, the recognition of vestiges of the past and the disregard of former doctrines embodying concepts that have since been discredited have resulted in some changes which decades ago would probably have been deemed unthinkable by many. It is fully apparent that by constitutional mandate and judicial application the principle of equality of sexes supersedes doctrines which heretofore had been deemed to be implicit in the marital relationship between

husband and wife. The presumption of "husband's ownership" is no longer applicable (DiFlorido v. DiFlorido, supra) and in its place is a presumption of tenancy by the entireties. The presumption that the father, solely because of his sex, must accept the principal burden of financial support is no longer to be followed: Conway v. Dana, supra. Inquiry concerning the capacity of the parties involved must now be made. In Henderson v. Henderson, supra, the Act of May 2, 1929, P. L. 1237, sec. 46, as amended, 23 PS §46, was held to be in violation of the Equal Rights Amendment in providing for the payment of alimony pendente lite, counsel fees and expenses to the wife-party of a divorce action and not to the husband in appropriate cases. In Hopkins v. Blanco, 457 Pa. 90, 320 A.2d 139 (1974), the court had before it the issue of the wife's right to recover damages for the loss of her husband's consortium. Mr. Justice Eagen noted that, "Today a husband and wife are equal partners in a marital relationship, and, as such, should be treated equally under the law with respect to that relationship." He concluded that, ". . . if the husband has a right to recover for the loss of consortium—so must the wife." Finally, in our examination of the various areas in which the amendment has had an effect, we point to Commonwealth v. Butler, 458 Pa. 289, 328 A.2d 851 (1974), in which the Supreme Court held that the portion of the so-called new Muncy Act of July 16, 1968, P. L. 349 (no. 171), as amended, 61 PS §566, directing that no minimum sentence be imposed on women convicted of crime was in conflict with the constitutional requirement.

It is obvious from the general statements which have been set forth that the Supreme Court has

applied the provisions of the amendment in full breadth. It is fully apparent from a statement of the variety of unrelated subjects in which changes have been wrought that the amendment is far-reaching in its scope.

We then turn to the issue before the court. The law which imposes a duty on a husband to pay the funeral expenses of his wife and fails to impose a similar duty on a wife is discriminatory between the sexes. There is no rational relationship between the sex of the decedent and the duty to pay the decedent's funeral expenses. The imposition of the duty on the husband alone fails to give effect to the fact that there is an equality of partners in a marital relationship, and it imposes different benefits and different burdens based on whether the individual is a man or woman. To require that the wife's funeral expenses be paid by her husband is incompatible with the present recognition of equality of the sexes as formulated in article I, sec. 28, of the Constitution of Pennsylvania.

The partners in the marital relationship are not only subject to different benefits and burdens in connection with the funeral expenses but also with regard to testamentary disposition. Presently, if a husband elects to take against his spouse's will and if she has directed that the funeral expenses be paid from her estate, the election negates the effectiveness of the direction to pay. In this manner, a wife is deprived of the opportunity to give something to her husband which the law has already given to the husband in the testamentary disposition of his estate. To state the matter differently, the husband already has, and cannot be divested of, the right to have his funeral expenses paid from his estate but a wife's desire to have her

funeral expenses paid from her estate may be thwarted by a husband who desires to perform this last service for her.

The conclusion is inescapable that the imposition of the duty on the husband in relief of his wife's estate denies and abridges the constitutional provision pertaining to equal rights because of the sex of the individual. Having concluded that it is constitutionally impermissible to treat with the sexes differently as to funeral expenses, we are next confronted with the question of whether the duty to pay shall be imposed on the estate of the decedent regardless of sex or whether the duty shall be placed on the survivor regardless of sex.

The rationale which appears evident in the opinions to which we have referred is that the resources of each person be given appropriate consideration in determining the manner of fulfillment of duties imposed on the person. For example, in cases involving the support of minor children and in proceedings involving the right to payments during divorce proceedings, consideration must first be given to the resources of the individual. Furthermore, as to all persons, excepting married men, the primary liability for the payment of funeral expenses is the estate of the decedent. Since there is no logical basis on which to distinguish married men from others, it appears to be appropriate and in keeping with the concepts enunciated to require that the estate of the decedent be primarily liable for funeral expenses.

In reaching the conclusion herein pertaining to the primary liability of the estate of either man or woman to pay the funeral expenses, we are cognizant that the widow of an indigent husband is under a duty to defray the reasonable expenses of

his funeral (Hetrick v. Hartman (No. 2), 80 D. & C. 364 (1952)), and that, in the reverse situation, the determination made by this opinion does not relieve the husband of liability but merely shifts his liability from that of primary to secondary.

For the reasons herein stated, we conclude that the accountant has properly taken credit for the payment of the funeral expenses. An adjudication in accordance with this opinion is being filed simultaneously herewith.