457 A.2d 1316

**Nancy H. BERNSTEIN, Appellant,**

v.

**Sanford BERNSTEIN.**

Superior Court of Pennsylvania.

Argued Oct. 20, 1981.

Filed March 25, 1983.

Howard S. Epstein, Allentown, for appellant.

William J. Fries, Allentown, for appellee.

Before BECK, WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

The appellant, Nancy Bernstein, initiated an action against her ex-husband, Sanford Bernstein, the appellee

herein, under the Civil Procedural Support Law seeking support for herself and three children born and adopted during her marriage to the appellee. The parties became separated on June 13, 1978 and were divorced on January 25, 1980. The appellant has custody of the children. The court below denied support for the appellant and also denied any additional support for the children as it found that they were receiving the sum of $681.00 per month from social security because the appellee was disabled. Appellant then took the instant appeal.

On December 5, 1978, the appellee was arrested and charged with the crime of solicitation to commit murder of the appellant (his wife). On September 24, 1979, he was convicted of said crime. Meanwhile, on July 19, 1979, the appellant instituted the instant support case. Hearings were held on several occasions (in February, March, and July) of 1980. On October 23, 1980, the court denied support to the appellant and the three children.

The evidence adduced at the support hearings revealed that appellee had earned between $180,000 and $200,000 as an investment tax advisor in the years prior to his arrest but that he had paid no federal income tax on those earnings. The court found that: after his arrest and conviction, appellee's income was limited to Social Security Disability benefits in the amount of $468.00 per month; that he owned no motor vehicle; that his estate had been diminished by substantial legal fees; and that his real estate was encumbered by an $80,000 mortgage and subject to foreclosure proceedings; that his only other asset was property held jointly with the appellant. However, the appellant argues that because appellee's expenses are now being underwritten by the Commonwealth that his financial needs are not great and that she is unemployed and in great need of additional funds to support the children.

The problem we have in deciding this case is that the record does not present a clear picture of appellee's assets.

Although the appellee testified that he has spent $50,000 in attorneys' fees, the record never established the total worth of his assets. He had testified that on January 1, 1979 he had between $90,000 and $100,000 available to him as a result of the sale of assets. Appellant testified that two weeks before their separation the appellee had taken a box which she believed contained between $300,000 and $400,000 cash. The appellee never specifically refuted this allegation and the fact that the appellee earned between $180,000 and $200,000 in the two years before his arrest and paid no federal income tax on said earnings leads to the conclusion that his assets were greater than he had stated. The appellant argues that the $80,000 encumbrance is also misleading because $40,000 of that represented his bail bond which he did not forfeit. Thus, the appellant argues, the true encumbrance is only $40,000. Knowing the nature and value of appellee's assets is important to the resolution of this case because appellant charges that appellee's assets are income producing and that, although his capacity to earn money is diminished because of his conviction, his assets provide him with large sums of unearned income which remains unaffected by his conviction.

A parent has the duty to support his children and his capacity to do so is determined by the extent of his property, his income, his earning ability, and the station in life of the parties. *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974). Because the value and worth of appellee's assets is essential to a determination of this case, we will reverse the case and remand it to the court below for a hearing regarding the nature, value and income generating ability of his assets.

Order reversed and the case remanded to the court below for a hearing to determine the exact nature, value and income generating ability of the assets of Sanford Bernstein. Jurisdiction is retained.