## Johnson v. Lepley

*Wilbert H. Beachy, III*, for plaintiff.
*Joseph B. Policicchio*, for defendant.

COFFROTH, *P. J.*, December 13, 1983—This support case is here on plaintiff-wife's application for review of the order of April 28, 1983, of $170 monthly for the support of one child eight years old (born March 27, 1975) in plaintiff's custody.

The chief issues raised are:

(1) Whether, in computing defendant's income from his solely owned trucking company, the loss shown in his tax return for 1982 should be offset by the depreciation allowance shown therein, thus producing net income from the business instead of a net loss, and warranting an increase of $193.41 per month of the existing support order, in accordance with local guidelines (15 percent for one child); and

(2) Whether defendant's claimed living expenses are excessive.

## FACTS

The support order of $170 monthly was based on application of the 15 percent guideline to defendant's take-home pay of $1,134.87 per month, on a finding that defendant's trucking company had an operating loss, and on the fact that plaintiff mother then earned $652 per month.

Plaintiff has since quit working in order to devote her time to her family. Both parties are remarried; defendant's wife has a minor child in her custody to her prior marriage whom defendant supports (less $100 per month furnished by the child's father), Plaintiff shows $703 as the monthly cost of supporting the parties' child, which includes $170 per month paid into a fund for the child's college education, and one-third of the following living expenses for the mother's three-member family: food and household ($116), rent ($110), transportation ($40) and purchase money loan on a family vehicle ($90.17); the parenthetical figures represent the child's one-third share of those expenses. The child's clothing expense is listed at $40 monthly. Plaintiff's husband is employed, although his earnings are not shown.

Defendant shows as his living expense for his wife, her child and himself, the sum of $2,172 monthly; that includes food at $400, transportation $308, and debt payments for car, furniture and house mortgage of $725 monthly. Defendant's wife is unemployed.

We regard the guideline order of $170 monthly as reasonable under the circumstances, and its calculation is not seriously challenged. The prime issue is whether defendant's business depreciation should be treated as current income which, by application

of guidelines, would produce an additional amount of support. Plaintiff's calculation is as follows:

| | |
|---|---:|
| Business Loss | − $14,384.00 |
| Depreciation Allowance | + 29,857.00 |
| Net Profit: | + $15,473.00 |

| | | |
|---|---:|---:|
| Net Monthly Profit: | $1,289.00 | |
| Guideline | × .15 | |

Additional support payable $  193.00

Defense counsel argues that treating depreciation as income here is inequitable because it arises from depreciation of the vehicles used in the trucking business which have a short life and must be frequently replaced, and overlooks the fact that the monthly payments by the business on purchase money for the business vehicles and garage amount to more than $2,400 monthly, $24,463 annually, which consumes virtually all of the depreciation. We agree with the defense argument in this respect.

We dealt with a similar depreciation problem in Commonwealth ex rel Swank v. Swank (No.2), No. 101 Domestic 1974, slip opinion of 5-19-81, pages 20-21, where we said:

"We also think that courts should hesitate to compel entrepreneurs to live on business cash flow attributable to depreciation, depletion, and working capital and expansion needs, especially where basic living expenses are provided for, and the business has need for those funds; there is ample evidence of shortsightedness in today's American business community in failing to make provision for aging plant and equipment and for capital needs. As we stated in Sperry v. Sperry, 29 Somerset Legal Journal 228, 230 (1974):

'Depreciation is neither an expense nor a profit. It may represent usable funds, or it may represent re-

ductions in capital, or both. In some cases, we may give the obligation of support and cash flow priority over business needs, especially where the obligor is well off. In other cases, the capital needs of the business which produces the income needed to pay a support order, will be preferred especially in small or marginal operations. Sometimes, adding part of the depreciation to income and reserving part to the business for capital replacement is the best solution. Depreciation like all other relevant factors in a support case must be weighed and evaluated in such manner as will produce as fair and reasonable a support order as is possible under the circumstances, to fulfill the *needs* of the situation on both sides.' (Emphasis added.)

Considering the dependence of defendant's businesses on high and recurring capital needs for equipment, and the heavy portion thereof financed by debt, it seems to us that the conservative approach by defendant and his partners to cash withdrawals from the business for non-business use is fully justified and that on balance there is no need or cause for a court to decree otherwise in this case.'[3]"

"[3]See cover story "The Money Chase", Time Magazine for May 4, 1981, at page 58. The author points out (page 61) that there is 'an increasing foreign skepticism about American management itself. Why is it, for example, that so much of U.S. plant and equipment has become considerably older than that of Japan?' "

That analysis essentially supports the defense contention here.

Although we agree that the expenses claimed by defendant father are excessive, so are the support costs claimed by plaintiff-mother, particularly the college education fund, house rental and vehicular

purchase. The father's financial circumstances at this time do not warrant an allowance for payment of college expense. See: Commonwealth ex rel Goddard v. Chapman, 38 Somerset L.J. 169, 14 D.&C. 3d 627 (1980); compare Commonwealth ex rel Horner-Shaffer v. Horner, 30 Somerset Legal Journal 254 (1975). The fact that the mother is placing the entire support payment by defendant into a college fund, and gave up her employment when she remarried, strongly indicate that her husband's earnings are adequate to support her present family without any contribution from defendant toward the child's maintenance. In this connection we note the following:

(1) The parties as parents are jointly and severally liable for the child's support. Commonwealth ex rel Benedict v. Benedict, 35 Somerset L.J. 211(1978). Thus the mother's ability to contribute financially to the child's support must be equally considered with the father's ability to do so. In making that evaluation we consider all financial resources of each, including earnings and unused earning capacity, see Commonwealth ex rel Swank v. Swank, 33 Somerset L.J. 209 (1976) and Commonwealth ex rel Glessner v. Glessner, 36 Somerset L. J. 310 (1979), and as well the earnings and resources of a parent's new spouse as they may enhance the parent's capacity to contribute, see Commonwealth ex rel Horner-Shaffer v. Horner supra, and Commonwealth ex rel Shumaker v. Shumaker, 35 Somerset L. J. 104 (1978).

(2) Plaintiff-mother's decision to remain at home with this 8 year old child cannot be faulted. Burkhard v. Burkhard (No. 2), 41 Somerset L. J. 210 (1981). As stated in McGee v. McGee, 41 Somerset Legal Journal 240, 244-245 (1982):

" 'Facing, as we are today, the undesirable social consequences of the loosening of family ties whose most serious consequences are attributable to diminished attention to and supervision over children, courts should not readily go beyond the real necessities of the case in overruling a homemaker's desire to be with her children as much as possible during their formative years.'

"That applies to children of all ages, teenagers as well as infants, although as the children grow older the number of hours of the day during which supervision is required can usually be reduced without harm. This problem arises mostly when the absent parent is not financially able to carry the load himself; nevertheless the best interest of the children must be weighed in the totality of the circumstances and fulfilled as well as possible."

Our concern in such case must encompass the best interest of the child. Conway v. Dana, 456 Pa. 536, 540, 318 A.2d 324 (1974). In such case, the support need must be met from some other source, preferably by the mother to meet her equal obligation, but if necessary by the father if he is able. See Commonwealth ex rel Farrell v. Farrell (No. 2), 42 Somerset L. J. 297 (1983).

(3) The mother's inclusion in the support cost of a one-third share of the home rental ($110 monthly) and of the purchase price of a family vehicle ($90 monthly) is unjustified here; the child is not responsible for incurrence of those costs; they would be incurred by plaintiff and her husband even for themselves, and the mother is financially in a position to furnish those for the child at her own cost as part of her contribution to the child's support. Compare Commonwealth ex rel Farrell v. Farrell (No. 2), supra. Under all the circumstances, we think the present order of $170 per month is a fair and reason-

able contribution by defendant father to the support of the child.

## REVIEW ORDER

Now, December 13, 1983, the support order of April 28, 1983, in the amount of $170 monthly for the support of one child, is affirmed. Costs on defendant.