598 A.2d 1321

**Blaine F. OPIE, Jr.**

v.

**Wendy RICHART, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 28, 1991.

Filed Nov. 25, 1991.

Thomas A. James, Jr., Bloomsburg, for appellant.

Franklin E. Kepner, Jr., Berwick, for appellee.

Before OLSZEWSKI, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order dated March 1, 1991, denying both parties' exceptions to the domestic hearing officer's recommendation and ordering appellant, the mother herein, to pay fifty-seven dollars per month in child support plus ten dollars per month for any arrearages. On appeal, appellant raises the following issue:

> WHETHER THE COURT ABUSED ITS DISCRETION IN NOT REVIEWING THE FACTS OF THIS CASE IN THAT THE APPELLANT DID NOT HAVE THE ABILI-

TY TO PAY CHILD SUPPORT WHERE SHE WAS AT OR BELOW THE POVERTY LEVEL, HAD ANOTHER CHILD FOR WHICH SHE WAS SOLELY RESPONSIBLE FOR THE SUPPORT, AND WHERE THE APPELLEE HAD INCOME FAR IN EXCESS OF THAT OF THE APPELLANT AND DID NOT DEMONSTRATE A NEED.

Appellant's Brief at 3. For the reasons that follow, we affirm the support order.

Appellant and appellee are the parents of one child, born October 8, 1987. Appellee has primary custody of the child. Appellant has custody of another child, born June 22, 1989. Appellee is not the father of that child. Appellee filed a complaint in support on April 19, 1990. A hearing was held before a special domestic relations master on August 17, 1990. The master determined that appellee's monthly net income is approximately $1,600, whereas appellant's monthly net income is approximately $700. The master then recommended that appellant make monthly support payments of $125. N.T., August 17, 1990, at 17. Both parties filed exceptions to this recommendation. The court denied both parties' exceptions, and reduced the amount of support recommended by the master to fifty-seven dollars per month. This timely appeal followed.

We will not disturb a child support order absent a clear abuse of discretion. *Koller v. Koller*, 333 Pa.Super. 54, 56–57, 481 A.2d 1218, 1220 (1984) (citations omitted). "An abuse of discretion is not 'merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.'" *Coffey v. Coffey*, 394 Pa.Super. 194, 196–97, 575 A.2d 587, 588 (1990) (citations omitted).

The responsibility for child support rests equally upon both parents and must be discharged in accordance with their individual capacities and abilities. *Conway v. Dana*, 456 Pa. 536, 540, 318 A.2d 324, 326 (1974). Such

obligation is based upon the reasonable needs of the dependent child and the reasonable ability of the parties to pay. 23 Pa.C.S.A. § 4322(a); *see also Coffey, supra*, 394 Pa.Super at 200, 575 A.2d at 589. Although support orders may not be punitive or confiscatory, parents may be required to make sacrifices in order to achieve the support goal. *Id.*, 394 Pa.Superior Ct. at 200, 575 A.2d at 590.

The support guidelines suggest that the appropriate support figure is $130 per month where, as in the instant case, there is one child and the obligee's and obligor's incomes are, respectively, $1,600 and $700. Pa.R.Civ.P. 1910.16–2. Thus, the guidelines suggest an amount more than double that which the court ordered. The guidelines create "a rebuttable presumption that the amount of the award determined from the guidelines is the correct amount of child support to be awarded. The presumption shall be rebutted if the court, permanent hearing officer or hearing officer makes a written finding, or a specific finding on the record, that an award in the amount determined from the guidelines would be unjust or inappropriate." Pa.R.Civ.P. 1910.16–1(b). Rule 1910.16–5, outlining the operation of the support guidelines, provides that "[t]he support of a spouse or child *is a priority obligation*, so that the party is expected to meet this obligation by adjusting his or her other expenditures." Pa.R.Civ.P. 1910.16–5(a) (emphasis added).

Appellant contends that the trial court abused its discretion by failing to take into consideration the disparity of the parties' incomes and the fact that she has another child to support. We do not agree. The court specifically stated that taking into consideration the living expenses of both parties, as well as their respective incomes, "a deviation from the Supreme Court Support Guidelines was necessary after examining the defendant's financial situation. Despite being employed, the defendant is living in near poverty. In addition to herself, the defendant supports another minor daughter, of whom she is the sole custodian." Opinion, Keller, P.J., April 17, 1991, at 2. Thus, the court did consider the factors that appellant contends were unexa-

mined, and the court adjusted its support order amount downward as a result of that consideration.

Nonetheless, appellant argues that she is unable to pay this amount, and, thus, the court committed an abuse of discretion by ordering the payments. As we noted above, a parent must make the support obligation a priority, even if other expenditures must be adjusted to meet the obligation. *See* Pa.R.Civ.P. 1910.16(a). The fact that appellant earns less money than appellee does not entirely negate the responsibility she shares to support her daughter. As the trial court correctly noted, appellant testified at the support hearing that she spends approximately eighty dollars monthly for entertainment, which consists of "[g]oing out to movies and things like that with friends." N.T., August 17, 1990, at 14. We cannot find that the trial court abused its discretion by concluding that "[b]y decreasing her entertainment expenses, the [appellant] could easily afford the $57.00 a month, she has been ordered to pay to support her daughter." Opinion, Keller, P.J., April 17, 1991, at 3. Accordingly, we affirm the trial court's order directing appellant to pay fifty-seven dollars monthly to appellee for support of their daughter.

Order affirmed.