653 A.2d 21

**Noreen K. GARNEY, Appellant,**

v.

**ESTATE OF Leslie HAIN.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1994.

Filed Jan. 20, 1995.

Cara A. Boyanowski, Carlisle, for appellant.

Allen E. Hench, Newport, for appellee.

Before ROWLEY, President Judge, and CIRILLO and DEL SOLE, JJ.

ROWLEY, President Judge:

Appellant Noreen K. Garney appeals from an order dismissing her complaint for support filed against the estate of Leslie Hain, the deceased father of her three children. The sole issue raised for our consideration is whether the estate of a deceased parent, under Pennsylvania law, may be required to provide child support in the absence of a support order or contractual agreement. After careful consideration of the legal issue presented, we affirm the order of the trial court.

The trial court's statement of facts, as stipulated by the parties, is adopted for purposes of our review. Opinion (Oler, J.), filed 1/24/94, at 1–2. We note that the parties were divorced in 1984. Leslie Hain (hereinafter "decedent") remarried in 1985 and died testate in 1992. No court order for child support or contractual agreement to provide support for the decedent's three minor children existed at the time of his death. Appellant argues that in spite of a lack of statutory authority, this Court should impose a duty of support upon the estate as a matter of public policy.

Our standard of review in child support matters is whether the trial court abused its discretion by misapplying or overriding existing law, or exercised its judgment in a way which is manifestly unreasonable, or evidences partiality, bias, or ill-will. *Ashbaugh v. Ashbaugh*, 426 Pa.Super. 589, 595, 627 A.2d 1210, 1213 (1993). A review of the record in this case discloses no abuse of discretion on the part of the trial court. The trial court is correct in observing, as appellant concedes, that the legislature has declined to impose a duty of support on the estate of a divorced parent, and there is no case law to be cited in support of such a duty. Further, we agree with the trial court that it is not the role of the judiciary to legislate changes in the law which our legislature has declined to adopt. The decedent disposed of his property as he wished prior to his death and this disposition is not challenged herein; absent legislative authority to do so, we decline to rewrite the decedent's will. *In re Agostini's Estate*, 311 Pa.Super. 233, 457

A.2d 861 (1983) (testator with children may disinherit one or all; a testator is free to dispose of property as he sees fit).

As we have determined that the trial court correctly applied the law and the record discloses no evidence of partiality, ill-will, or bias, we affirm the trial court's order dismissing appellant's petition for support.

Order affirmed.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting:

I dissent. A parent's duty to support a minor child is absolute and, therefore, I would hold that where the assets of a deceased parent's estate could provide support for the deceased's minor child, even in the absence of any agreement, order or bequest, the funds from the estate should, if necessary, be made available to support the child.

In the present case, following their parents divorce, Appellant's three children resided with the deceased and his second wife until the time of death. After their father died, their step mother declined to care for these children. Even though the decedent was the children's custodial parent, he failed to provide for them in his will. Instead, the will directed that his second wife receive his entire estate and only in the event that she die within 60 days of his death, would his estate pass to his children. Appellant, the former wife and natural mother of the children, filed for support against the deceased father's estate. The trial court dismissed Appellant's Complaint and this appeal followed.

In 1956, our supreme court acknowledged that "... a father, in the absence of a contract, has no legal obligation to support his children after his death, and is under no legal obligation to leave his children anything by will." *In re Fessman Estate*, 386 Pa. 447, 452, 126 A.2d 676, 678 (1956). As divorce has become more prevalent, however, the importance of our child support laws has increased and caused them to undergo significant change. Initially, there was a presumption that the duty to support a minor child rested solely with

the child's father. In *Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974), however, our supreme court held that, "[s]uch a presumption is clearly a vestige of the past and incompatible with the present recognition of equality of the sexes." *Id.* at 539, 318 A.2d at 326 (1974). From this initial recognition that increasing numbers of women were generating their own incomes, our legislature and courts developed the now well recognized duty that "[t]he responsibility for child support rests equally upon both parents and must be discharged in accordance with their individual capacities and abilities." *Opie v. Richart,* 410 Pa.Super. 52, 54, 598 A.2d 1321, 1322 (1991) *citing Conway v. Dana, supra,* 456 Pa. 536, 318 A.2d 324. In 1989, our supreme court, in response to legislative mandate, developed uniform statewide Support Guidelines designed to aid courts in determining the need for support and the amount of support to be awarded.

The Majority holds that, ". . . the legislature has declined to impose a duty of support on the estate of a divorced parent, and there is no case law to be cited in support of such a duty. Further, . . . it is not the role of the judiciary to legislate changes in the law which our legislature has declined to adopt." (Majority Opinion at page 43).

I cannot adopt the Majority's position because I believe that the legislature's actions must be viewed as a whole. It is evident that the legislature has increasingly since 1985 expressed a policy designed to provide support for minor children, and enforce that right.

Numerous laws have been enacted to assure that a parent meets his or her child support obligation. For instance, a parent who willfully fails to make support payments can be held in civil contempt and ordered to serve a term of imprisonment of up to six months, receive probation of up to six months and pay a fine of $500.00. 23 Pa.C.S.A. § 4345(a). While courts always had the power to direct wage attachments, current law makes attachment of income routine, rather than elective. 23 Pa.C.S.A. § 4348. In addition to regular support payments, a parent may also be ordered to pay a portion of the child's medical expenses. 23 Pa.C.S.A. § 4326.

The legislature has provided for the collection of support payments from a parent who resides outside of the Commonwealth by enacting The Revised Uniform Reciprocal Enforcement of Support Act which provides for the extradition of a parent back to the state where that parent has been charged criminally for failing to comply with a child support order. 23 Pa.C.S.A. § 4501 et seq. Also, a recently enacted statute directs licensing agencies or authorities, upon a court's Order, to deny the issuance, or renewal of a license to engage in a "profession, trade or business" where a parent has failed to make support payments. 23 Pa.C.S.A. § 4355. Most interestingly for our purposes, entireties property can be used to enforce a support obligation against a spouse. 23 Pa.C.S.A. § 4361 et seq. Even lottery winnings are subject to use for payment of support orders. 23 Pa.C.S.A. § 4308. These statutes establish that the law has become increasingly forceful in its efforts to provide for the support of minor children. Furthermore, the legislature has recognized the need for child support to continue until the unemancipated child reaches the age of 18 and recent legislation has directed that parents have a shared responsibility to provide financial support for their child's post-secondary education. 23 Pa.C.S.A. § 4327. Even the retroactive modification of arrears accumulated when a parent fails to pay an existing order has been prohibited. 23 Pa.C.S.A. § 4352. Finally, while there is no specific statute which states that the duty to support a minor child continues after the death of the parent, unlike Section 3707, 23 Pa. C.S.A., of our spousal support law which specifically states that spousal support shall end upon the death of the payor unless otherwise provided for in a separate agreement or order, there is no child support provision which states that an obligor parent's duty to support a minor child ends with that parent's death.

Accordingly, while the legislature has not specifically stated that a deceased parent's estate will be held responsible for providing support for that parent's minor child, in light of important societal changes and corresponding changes made in child support laws, we can infer that the legislature intends

for the estate of financially able parents to provide support for their children. This is not an attempt to usurp the legislature's power, but rather, a conclusion reached in recognition of the legislature's goal to provide for the children of divorced parents. The "law [is] a living system rooted in time, place and circumstance." L. FRIEDMAN, A HISTORY OF AMERICAN LAW 619 (2d ed. 1985). Much has changed since our supreme court acknowledged in *In re Fessman Estate, supra,* 386 Pa. 447, 126 A.2d 676, that a father had no duty to support his children after his death. Today, both parents, if financially able, are clearly responsible for the support of their children and the legislature has gone to great lengths to ensure that parents fulfill that obligation. We cannot now ignore the legislature's efforts. Absent a statute that prohibits the imposition of a duty of support against the estate of a deceased parent, I conclude that the trial court erred in dismissing the Complaint for Support. In determining the extent of any order for support, I would direct trial courts to consider the extent that payments are made to or on behalf of the children from collateral sources like Social Security, pension funds, and insurance. In addition the needs of the current family must be considered in fashioning an award. However, these issues are case related and their determination should await specific cases raising specific questions.

Accordingly, I dissent from the position espoused in the Majority Opinion which permits a deceased parent's estate to escape responsibility for the support of the deceased's surviving minor children.