Kaper *v.* Kaper, Appellant.

378

Argued November 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

Before GUFFEY, J.

*Frances O. Tennant,* with her *Paul H. Titus,* and *Kaufman & Harris,* for appellant.

No appearance entered nor brief submitted for appellee.

OPINION BY WATKINS, P. J., April 3, 1974:

This is an appeal from the order of the Court of Common Pleas, Family Division, of Allegheny County directing the defendant-appellant, Richard Kaper, to pay for the support of a minor child in the custody of the plaintiff-appellee mother, Marjorie Kaper, the sum of $50.00 monthly.

The parties are separated since July, 1972. The mother lives in North Carolina and the child, Mary Elizabeth Kaper, was seven years of age at the time of

the hearing. There are four other unmarried children all of whom resided with the father at the time of the hearing. Three of these children were still in school. The father, a barber, has provided for the support of these three children and made payments on the joint obligations of the parties in regard to the jointly owned family home. Both parties have filed for divorce.

The problem presented by this appeal is the failure of the court below to take into consideration the income of the mother and the needs of the child. He relied on *Yeats v. Yeats*, 168 Pa. Superior Ct. 550, 79 A. 2d 793 (1951), stating in his opinion: "Neither the separation or divorce of a child's father from the child's mother has any effect upon the father's obligation to provide reasonable maintenance for the child, since the duty on the part of the father is a continuing one which exists independently of the continuity of the marital status between the father and the mother."

This is true, but the mother's income and her needs for the support of the child are equally relevant in a support action. This is especially true since the adoption of the amendment known as the "Equal Rights Amendment", Pennsylvania Constitution, Article 1, Paragraph 27.

This Court has indicated that the "Equal Rights Amendment" admits of "no exception" for rights in the area of domestic relations. *Commonwealth ex rel. Wiegand v. Wiegand*, 226 Pa. Superior Ct. 278, 310 A. 2d 426 (1973).

However, even considering the impact of this amendment and its effect on domestic relations the respective incomes of the mother and the father must be taken into consideration in reaching a decision.

The case is remanded to the court below for a rehearing of the matter to determine the income and assets of the mother and the needs of the child before a final order for support is entered.