Commonwealth ex rel. Kaplan, Appellant, *v.*
Kaplan.

Argued June 13, 1975. Before WATKINS, P. J., JACOBS,
HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH,
JJ.

*Barry Goldstein*, with him *Malcolm H. Waldron, Jr.*, for appellant.

*Henry A. Stein*, with him *Mesirov, Gelman, Jaffe & Cramer*, for appellee.

OPINION BY HOFFMAN, J., September 22, 1975:

The sole issue in the instant case is whether the lower court abused its discretion when it increased a pre-existing support order of $130.00 per month by $40.00 per month.

Appellant, Eileen Weingrad, formerly Eileen Kaplan, married appellee Gary Kaplan, on December 24, 1961, in Philadelphia.[1] On May 5, 1963, appellant gave birth to a child, Michael. Thereafter, the couple separated. Appellant filed a complaint in the Philadelphia County Court on March 24, 1964, in which she asked that appellee be ordered to provide support for his son. On February 19, 1965, the court ordered appellee to pay $100.00 per month, pursuant to a stipulation by the parties. In 1971, appellant filed a petition to increase the order of support. On February 5, 1971, the court entered an order of $130.00 per month. At that time, appellee was working in New York City and was earning $17,400 per year.

On October 1, 1974, appellant again petitioned for an increase in the amount of the support order. She alleged a change of circumstances as a basis for the increase: her wages had been reduced from $130.00 per week to $90.00 per week, the child's needs, especially due to medical expenses, had increased sharply, appellee was earning $29,500.00 per year, had purchased an expensive home in a fashionable section of New Jersey, and owned two "luxury" cars. A hearing was held on December 13, 1974, followed by an order dated December 30, 1974, in

---

1. The parties were eventually divorced. Both remarried. The mother, however, has since separated from her second husband. The father currently resides with his second wife and with his two children from that marriage.

28

which the court ordered that appellee pay $170.00 per month. Appellant requested this Court to increase that amount to $125.00 per week.

Initially, we must reiterate several blackletter principles of law governing child support.[2] The purpose of a support order is to protect and to advance the welfare of the child. *Conway v. Dana,* 456 Pa. 536, 318 A. 2d 324 (1974) ; *Commonwealth ex rel. Arena v. Arena,* 205 Pa. Superior Ct. 76, 207 A. 2d 925 (1965) ; *Commonwealth ex rel. Firestone v. Firestone,* 158 Pa. Superior Ct. 579, 45 A. 2d 923 (1946). The responsibility of the parents, to support the child to the best of their ability, consistent with their own station in life, is "well nigh absolute." *Firestone,* supra, at 581, 45 A. 2d at 924. See also, *Commonwealth ex rel. Gitman v. Gitman,* 428 Pa. 387, 237 A. 2d 181 (1967) ;[3] *Commonwealth v. Wingert,* 173 Pa. Superior Ct. 613, 98 A. 2d 203 (1953). While personal sacrifices can be demanded of the parents to meet such an obligation, an order should not be punitive or confiscatory. *Conway,* supra; *Arena,* supra. Despite the ease with which an appellate court may recite such principles, we are mindful of the unique facts presented in every support case: "No two support cases are ever alike. Cir-

---

2. The only issue before the Court is the amount of the order; the appellee does not contest his liability of support.

3. See *Gitman,* supra, at 394, 237 A. 2d at 185: "If the husband-father can afford for himself a caviar-champagne standard of living, it is not justice, nor legal, that the wife should be content with a tent and bread-and-butter menu for herself and brood."

Cf. *Hecht v. Hecht,* 189 Pa. Superior Ct. 276, 283, 150 A. 2d 139, 143 (1959): "Children of wealthy parents are entitled to the educational advantages of travel, private lessons in music, drama, . . . and other activities in which they show interest and ability. . . . It is possible that a child with nothing more than a house to shelter him, a coat to keep him warm and sufficient food to keep him healthy will be happier and more successful than a child who has all the 'advantages', but most parents strive and sacrifice to give their children 'advantages' which cost money."

cumstances, although similar in some respect, may differ materially in other respects. It is for the court to consider all the circumstances. It is difficult for an appellate court to state rules equally applicable to all cases." *Hecht,* supra at 281, 150 A. 2d at 142. See also, *Commonwealth ex rel. Hauptfuhrer v. Hauptfuhrer,* 226 Pa. Superior Ct. 301, 310 A. 2d 672 (1973).

The problem in the instant case revolves around two critical facts. First, since the 1971 decree, the appellee's salary—his sole source of income—has risen from $17,400 to $29,500. Second, although appellant's income has declined, from $130.00 to $90.00 per week, appellant acknowledges that her earning capacity is at least $130.00 per week.

The appellant claims that in light of the luxuries that the father is able to afford—a fine home, two cars with the ancillary maintenance costs, nursery school for one of his children from his second marriage, generous allowance for entertainment and personal maintenance—he should be required to pay more towards the support of his son Michael, so that Michael, too, can share in some of the affluence.

On the other hand, a mother also has an obligation to support her child. The test is not what her actual earnings are, but what her earning capacity is. Such has always been the law governing a father's duty of support. See, e.g., *Gitman,* supra; *Drummond v. Drummond,* 414 Pa. 548, 200 A. 2d 887 (1964) ; *Commonwealth ex rel. McNulty v. McNulty,* 226 Pa. Superior Ct. 247, 311 A. 2d 701 (1974) ; *Shuster v. Shuster,* 226 Pa. Superior Ct. 542, 323 A. 2d 760 (1974) ; *Commonwealth ex rel. Fishman v. Fishman,* 213 Pa. Superior Ct. 342, 247 A. 2d 810 (1968) ; *Arena,* supra. Cf. *Commonwealth ex rel. Haimowitz v. Haimowitz,* 221 Pa. Superior Ct. 364, 292 A. 2d 502 (1972). Recent cases have applied the principle with equal weight to the mother. *Dana,* supra; *Kaper v. Kaper,* 227 Pa. Superior Ct. 355, 324 A. 2d 483

(1974) ; *White v. White*, 226 Pa. Superior Ct. 499, 313 A. 2d 776 (1973).

The appellant testified as follows on the subject of her earning capacity:

"Q. Have you looked for other higher paying work?

"A. There would be higher paying jobs that would take me into Center City. I cannot do that. I would be too far from the place of residence, too far from my son.

"Q. Isn't it true that you have refused to work anywhere in Center City where the higher paying jobs are available?

"A. Yes.

"Q. . . . Did she [an employment counsellor] tell you that you could get a job in Center City with your skills for perhaps a hundred and fifty dollars per week?

"A. Yes."

Further, appellee's witness, an employment counsellor, testified that appellant was qualified for currently available jobs with starting salaries of $125 to $130 per week. Thus, there is no question that the mother's take-home pay does not reflect her full earning capacity.

Ordinarily, given the father's income, a higher support order would be proper. Although appellee claims expenses in excess of his income, a child cannot be denied a fair support order because one of the parents is living above his means. Further, the father is living well. He has taken on substantial mortgage payments; he provides generously for the two children by his second marriage; his wife can afford not to work; his list of expenses indicates that his family has considerable material luxury. Michael is entitled to benefit from his father's good fortune. On the other hand, we cannot ignore entirely the mother's unwillingness to increase her income.[4]

---

4. We are, of course, aware of the increased expenses that the mother would have if she were to work in Center City. The net income, even after increased travel and babysitting expenses, would, however, be greater than the money that she currently takes home.

Weighing all the factors, as we must, we conclude that the order of support is inadequate.[5] To order payments of $125.00 per week as requested by appellant would be confiscatory. Nonetheless, we believe that the order should be increased to assure Michael some of the advantages that accrue to appellee's other children.

The case is remanded to the lower court for proceedings consistent with this opinion.

---

DISSENTING OPINION BY JACOBS, J.:

I must respectfully dissent.

In *Commonwealth ex rel. McNulty v. McNulty*, 226 Pa. Superior Ct. 247, 251, 311 A.2d 701, 703 (1973), we reiterated the well known rule that " '[i]n a support proceeding, the trial judge who sees and hears the witnesses is in a better position than the Superior Court to decide the issue on its merits.' *Commonwealth ex rel.*

---

5. Cf. *Hecht*, supra at 280, 150 A. 2d at 142: "We might properly consider among other things: (1) that the cost of living is somewhat higher now than it was when the agreement was made, (2) that it is more expensive to feed, clothe and educate [a child as he gets older] . . . and (3) even more important, the substantially improved financial condition of the father."

Some of the financial figures relevant to our decision include:

|  | Appellee | Appellant |
| --- | --- | --- |
| Disposable income per month: (approximate) | $1800.00 | $360-400 |
| Per person: | $ 450.00 | $180-200 |
| Transportation expenses and related maintenance costs: | $ 312.25 | $ 65.00 |
| Food per month: | $ 280.00 | $ 83.00 |
| Food per month per person: | $ 70.00 | $ 41.50 |

Such figures are indicative of too great a disparity between appellee's family's life style and that of his son Michael. Because we recognize that inflation and cost of living increases have eroded some of the appellee's salary increases, we feel too great an increase to the support order would deprive appellee and his family of the advantages of his hard work.

*Friedman v. Friedman*, 223 Pa. Superior Ct. 66, 67, 297 A.2d 158[, 159, *allocatur refused*, 223 Pa. Superior Ct. *xxxv*] (1972). Absent a clear abuse of discretion an appellate court will not disturb a support order of the court below. *Commonwealth ex rel. Sosiak v. Sosiak*, 177 Pa. Superior Ct. 116, 118, 111 A.2d 157 (1955)."

Search as I may, I cannot find any abuse of discretion on the part of the lower court which fixed the order at $170.00 per month.

I would affirm the court below.

PRICE and VAN DER VOORT, JJ., join in this dissenting opinion.