## Annie M. Warner Hospital v. Alexander

*John W. Phillips*, for plaintiff.
*Legal Services, Inc.*, for defendant.

MacPHAIL, *P.J.*, September 15, 1976—Plaintiff here seeks to recover from defendant in assumpsit for medical services rendered to defendant and her infant child. The defense is that since defendant's husband obligated himself to pay the bill, defendant is not liable. Stipulations of fact have been filed and crossmotions for summary judgment have also been filed. Since there are no factual issues to be resolved, it seems that summary judgment is an appropriate procedure for the resolution of the legal question. That question is whether a hospital can recover from a noncontracting party for necessary services rendered to the noncontracting party.

From the stipulation of facts, it appears that there is no doubt that defendant's husband is liable for this bill. There is no doubt that he has not paid it. Since his present whereabouts are unknown, there is considerable doubt that he will ever pay it. It has been stipulated that defendant never agreed expressly to pay the bill. In fact, she was never asked to pay the bill until after her husband's insurance carrier refused to pay and her husband did not pay. Since the liability of defendant cannot be predicated upon an express contract, such liability must be found, if at all, upon an implied contract or upon a theory of unjust enrichment.

Under the stipulated facts, defendant received services from the hospital from April 25, 1969, through December 5, 1971. On December 3, 1969, she was admitted to the hospital for the birth of a

child. From December 2, 1969, to March 8, 1970, both defendant and her child received medical services. On December 2, 1969, the husband of defendant signed an authorization for plaintiff to render surgical and/or medical treatment to defendant. On December 8, 1969, defendant's husband signed an insurance form furnished by plaintiff in which he agreed, inter alia, that he was financially responsible to plaintiff for charges not covered by insurance. Defendant neither signed anything nor promised to pay anything upon her admission to the hospital. There is no indication in the stipulation of facts or in the pleadings that defendant was financially responsible at the time the services were rendered to her. Her husband, however, was employed at that time.

". . . [A] promise to pay for services can be implied where one performs for another a valuable service which is of a type usually charged for, and the person receiving the benefit of the service avails himself of the service or does not dissent to the rendering thereof [citations omitted].

"However, a promise to pay for services can be implied only when they are rendered in such circumstances as authorized the party performing to entertain a reasonable expectation of their payment by the person for whom the services are performed [citation omitted]. Conversely, the person who is to be charged with the value of the services must have known or understood, or, as a reasonable person, should have known or understood, that the services were being performed with the expectation that *he* would pay for them [citation omitted]." Mercy Hospital of Pittsburgh v. Com. of Pennsylvania, 88 Dauph. 291, 294 (1967). (Emphasis supplied.)

Here, it is obvious that plaintiff could have no reasonable expectation that defendant would pay her own hospital bill, since she was obviously an "unemployed" housewife. Neither would defendant have known or understood as a reasonable person that the medical services were being performed for her with the expectation that she would pay for them. Rather, if she knew anything, it was that her husband would pay for those services. We conclude, therefore, that plaintiff cannot recover from defendant upon a theory of an implied promise to pay made by defendant.

A person who has been unjustly enriched at the expense of another is required to make restitution to the other: Restatement, Restitution §1. A person is enriched if he has received a benefit. A person confers a benefit on another if he performs services beneficial to another. A person is unjustly enriched if the retention of the benefit would be unjust. "A quasi contract arises where the law imposes a duty upon a person, not because of any express or implied promise on his part to perform it, but even in spite of any intention he might have to the contrary. A quasi contract, which is a *fictional* contract, is not to be confused with a contract implied in fact, which is an *actual* contract, and which arises where the parties agree upon the obligations to be incurred, but their intention, instead of being expressed in words is inferred from their acts in the light of the surrounding circumstances." Cameron v. Eynon, 332 Pa. 529, 532, 3 A. 2d 423 (1939). (Emphasis in original.)

Here, it goes without saying that defendant was personally benefited by the services rendered to her. Was she "unjustly enriched" at the hospital's expense? To state the question differently, should

defendant be permitted to benefit from the services rendered to her by the hospital without the hospital being paid from any source? It seems obvious that the hospital dealt with defendant's physical condition in good faith. When a woman is about to give birth to a child, it is a poor time to explore the legal question of who is going to be responsible for the medical services rendered. Contrary to some popular thought, hospitals are not charitable institutions. However, the hospital here made an effort to determine how it would be paid. It didn't have the pregnant woman sign a paper she probably couldn't read or understand in view of her physical condition. She did, however, receive substantial medical services. Had she been deprived of those services, her health and/or her life, together with the health and/or life of her child, may well have been in jeopardy. Under the circumstances, we conclude that it would be unjust for this defendant to have been benefited by services rendered without her benefactor being compensated in any manner. Since the husband, who is liable, has not paid, and the likelihood of his paying is extremely remote, and since defendant was benefited by the services rendered, we conclude as a matter of law and for reasons of public policy that she should be held liable for the debt. This is not to say that the husband-father is not also liable or that he has been relieved of this debt by virtue of this decision. What we do hold is that the hospital should not be left without a remedy simply because a responsible party has absconded.

Defendant has argued with considerable force that since her husband is obviously liable and that she is only a third-party beneficiary of the contract between the hospital and her husband, she cannot

be liable. However, the crucial question is why did the hospital render the service to defendant? Was it because defendant's husband agreed to pay for it or because defendant required medical service? We think it was because defendant required the service and that she would not have been denied this service even if no one had agreed to be liable for her bill.

Although we have resolved the issue, we are well aware that we have done so without substantiating appellate authority. To avoid future problems of this nature, the hospitals would do well to suggest legislation that would specifically authorize them to collect bills from the patient, whether or not a specific contractual relationship exists between the hospital and the patient. See 41 Am. Jur. 2d Husband and Wife §375 (1968).

While counsel have not differentiated between services to the child and services to the mother, we will hold that the mother is liable for services rendered to her child, not on the theory of unjust enrichment but rather on an implied promise to pay. Under recent case law it is clear that a mother as well as a father has an obligation to support a child born of the marriage: Com. ex rel. Kaplan v. Kaplan, 236 Pa. Superior Ct. 26, 344 A. 2d 578 (1975). Since the father and mother are equally obligated to pay for the necessary expenses of their child, each of them here would be responsible for the bill: Sperry v. Sperry, 29 Somerset 228 (1974).

## ORDER

And now, September 15, 1976, plaintiff's motion for summary judgment is granted. Defendant's motion for summary judgment is denied. The prothonotary shall, on praecipe, enter judgment in

favor of plaintiff and against defendant in the sum of $355.32, which sum includes interest from December 5, 1971, to March 10, 1976, the date on which defendant filed a motion for summary judgment.