419 A.2d 1179

**COMMONWEALTH of Pennsylvania ex rel. Bonnie CRAGLE**

v.

**Leonard CRAGLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Filed April 11, 1980.

Hervey B. Smith, Bloomsburg, for appellant.

Linda M. Gunn, Harrisburg, for Commonwealth, appellee.

Before CERCONE, SPAETH and LIPEZ, JJ.

CERCONE, President Judge:

Appellant takes this appeal from the order of the lower court entered on January 11, 1978, directing appellant to pay $160.00 per month towards the support of two of his minor children, Wendy and Todd Cragle, both of whom are in the custody of appellant's ex–wife Bonnie Cragle (now Bonnie Dennis). Appellant argues that the lower court abused its discretion in setting the amount of the child support at $160.00 per month because appellant says that such an order is confiscatory under the circumstances of the instant case. We agree with appellant and hereby reverse and remand for rehearing by the lower court.

Bonnie and Leonard Cragle are the parents of three minor children–Matthew, Wendy and Todd.[1] The Cragles separated in the beginning of 1975, with Leonard, the father, retaining the custody of all three children. Bonnie, the mother, filed actions for divorce and for custody of the children, both of which actions Leonard contested. Bonnie's request for divorce was denied by the lower court and on October 13, 1976, that same court awarded custody of the three children to Leonard. While she was married to Leonard and for approximately a year after the separation, Bonnie was employed as a nurse's aid, making a salary of approximately $400.00 per month. At the conclusion of the custody case, Leonard instituted a support action against Bonnie asking that she be required to contribute to the children's support. However, before a hearing could be held on that support action, Bonnie left her employment in December of 1976 so that she might attend nursing school. Because she was no longer working, Bonnie was eligible for public assistance which she began collecting in the sum of $164.00 per month from the Department of Public Assistance. Bonnie's unemployment effectively defeated Leonard's support action which apparently was never heard by the court. The situation of the two parties remained unchanged for almost two and one–half years, with Leonard providing the sole support of all three children, until August of 1977 when, by mutual agreement, Bonnie was given custody of Wendy and Todd. Matthew remained with Leonard. When she obtained custody of the two children, Bonnie was still receiving $164.00 per month in welfare payments for herself, and the Department allowed her additional assistance for the two children residing with her, paying Bonnie an additional $247.00 per month towards the support of the two children.

Subsequently, on November 10, 1977 Bonnie and Leonard were divorced. The Department continued to pay support for Bonnie and the two children until December of 1977, when Bonnie remarried and her welfare payments ceased,

1. At the time of the lower court's hearing, Matthew was eleven years old, Wendy was nine and Todd six.

though payments for the two children continued. As required by statute, the Department instituted the present action on Bonnie's behalf seeking to require Leonard to contribute to the support of Wendy and Todd, and as previously indicated, the lower court ruled that Leonard must pay $160.00 per month in support payments for these two children.

Appellant contends[2] that under the facts of the instant case, the lower court abused its discretion in setting the amount of the child support order at $160.00 per month when appellant's take home pay is only $600.00 per month, and appellant's expenses amount to approximately $520.00 per month. We agree with appellant.

In general, the amount of a child support order is largely within the discretion of the trial judge, whose judgment will not be disturbed on appeal absent a clear abuse of discretion. *Costello v. LeNoir*, 462 Pa. 36, 337 A.2d 866 (1975); *Commonwealth ex rel. Berry v. Berry*, 253 Pa.Super. 268, 384 A.2d 1337 (1978). A child support order must be fair, not confiscatory, and must be consistent with the parent's station in life and customary standard of living, making due allowance for the reasonable living expenses of the parent. *Costello v. LeNoir*, supra; *Commonwealth ex rel. Berry v. Berry*, supra.

In the instant case, appellant testified that his take home pay averaged $150.00 per week. On the date of the hearing in the court below January 11, 1978, appellant testified that he was living with his parents, but had just purchased a home for himself and his son Matthew. The house was valued at $24,000, but it had $16,000 in encumbrances

2. Appellant also argues that the lower court erred in directing appellant to pay any amount of child support because appellant claims that appellee [the Department of Public Assistance] advised and encouraged Bonnie to terminate her employment and become a welfare recipient. Appellant contends that by this action, appellee forfeited its right to sue appellant for child support payments. We find no merit in this argument. Even the closest reading of the record fails to reveal any evidence in support of appellant's charge against appellee. In view of the absence of any evidence to support appellant's allegation, we find no error in the lower court's ruling against appellant on this point.

against it, leaving appellant with an $8,000 equity interest. Appellant said that the mortgage payments on this house would come to $131.60 per month, on top of which appellant would have to pay an unspecified amount for fuel and other utilities. Additionally, appellant is making payments towards a 1965 pickup truck and a 1973 Plymouth Duster in the amount of $110.00 per month. Appellant is also paying $38.00 per month towards a school loan. Appellant's insurance payments come to $68.00 per month and appellant spends approximately $23.00 per month on car maintenance. Appellant's other monthly expenses include clothing ($25.00), medical ($30.00), telephone ($10.00), miscellaneous and taxes ($7.00). These are all justifiable expenses which when totaled amount to approximately $440.00 per month. This leaves appellant with $160.00 per month to be divided between two children who are with Bonnie, and himself and his son, Matthew, for food and miscellaneous expenses.

When the lower court entered its order directing appellant to pay $160.00 per month to Bonnie for the support of Wendy and Todd, the court admitted it did not take into account Bonnie's earning capacity. The trial court cited *White v. White*, 226 Pa.Super. 499, 313 A.2d 776 (1973) for the proposition that a custodial parent with small children at home is under no obligation to seek or accept employment. The trial court's reliance on *White* is misplaced. In *White*, the mother who had custody of the children had never been employed during the marriage because she felt that it was in the best interests of the children that she be at home when the children left for school and when they returned. The instant case is quite different. Here the mother stopped working so that she might attend nursing school and get an even better paying job than she had before. While this is certainly an acceptable goal, it nonetheless presents us with a different case from that in *White*.

More relevant authority for the present case can be found in *Commonwealth ex rel. Snively v. Snively*, 206 Pa.Super. 278, 212 A.2d 905 (1965), wherein we said that a parent's ambition to obtain an education cannot be realized at the expense of the parent's obligation to support his or

354

her children. Child support is the equal responsibility of both mother and father and each is required to discharge this obligation in accordance with his or her financial capacity and ability. *Shapera v. Levitt,* 260 Pa.Super. 447, 394 A.2d 1011 (1978); *Commonwealth ex rel. Lyle v. Lyle,* 248 Pa.Super. 458, 375 A.2d 187 (1977).

In the instant case, the lower court gave no consideration to the earning capacity of the mother. This was error. *See Kaper v. Kaper,* 227 Pa.Super. 377, 323 A.2d 222 (1974); *Commonwealth ex rel. Platt v. Platt,* 227 Pa.Super. 423, 323 A.2d 29 (1974). Accordingly, we hereby reward with direction to the lower court to give due consideration to this factor. *See Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974); *Commonwealth ex rel. Kaplan v. Kaplan,* 236 Pa.Super. 26, 344 A.2d 578 (1975); *Kaper v. Kaper, supra* ; *Commonwealth ex rel. Platt v. Platt, supra* ; *Commonwealth ex rel. Goichman v. Goichman,* 226 Pa.Super. 311, 316 A.2d 653 (1973). The lower court is further directed to rule on the reasonableness of the parties' claimed expenses.

Reversed and remanded.