421 A.2d 355

**COMMONWEALTH of Pennsylvania ex rel. Jean R. DIXON**

v.

**Paul W. DIXON, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1979.

Filed Aug. 1, 1980.

David L. Ladov, Norristown, for appellant.

John J. Burfete, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

These are appeals from orders of the Court of Common Pleas of Montgomery County in a support matter by which the appellant–defendant, Paul Dixon, was directed to pay

$55 per week for the support of his 15 year old daughter on January 22, 1979 and from an order dated February 12, 1979 holding the defendant–appellant in willful violation of the order and directing payment of $110 forthwith or in default thereof to be committed to prison for a period not to exceed six (6) months or until payment of the $110.

The parties involved were divorced on February 7, 1969. The appellant had contended that the child, Kelly, was not his child but now has abandoned that claim. Jean Dixon, the appellee–wife, filed her claim in the Family Court of Philadelphia County in which she sought support of $50 weekly. The matter was certified to Montgomery County and the District Attorney of that County lodged the petition for support of the child. The Court below entered an order of $55 weekly based on the income of the appellant of $250 per week.

On January 31, 1979, a petition for rehearing was filed by the appellant stating: That the amount was in excess of the amount requested by the appellee or recommended by the Family Court of Philadelphia; that the court did not consider the expenses and/or the needs of the minor child or appellee; that the court below failed to take into consideration the earnings or earning capacity of the appellee; that evidence had been uncovered as to the employment of the appellee; that the order failed to take into consideration the amount of public assistance the appellee was receiving for the child in the determination of the standard of living to which she was accustomed; and that the court did not determine the needs and expenses of the appellant.

The hearing judge granted the rule to show cause and neither the District Attorney nor the appellee made answer. The court denied the rule on February 12, 1979 and then asked whether any payment had been made on the Order of January 22, 1979. Counsel for the appellant, advised the court that no payment had been made in view of the pending rule. The Court then found the appellant in contempt by willful violation of the order of January 22nd and directed payment of $110 forthwith or in default thereof to

be committed to prison for a period not to exceed six (6) months or until payment of the $110.00.

The questions raised on appeal are as follows:

I. Was there an abuse of discretion by the lower court in entering a support order without taking into consideration the expenses of the appellant, the earnings or earning capacity of the appellee, the expenses of the minor child and the appellee, and the standard of living to which the minor child has grown accustomed?

II. Was there an abuse of discretion by the lower court as the support order was entered as a result of partiality, prejudice, bias, and ill–will?

It seems clear from this record that the court failed to take testimony as to the expenses of the appellant, the earnings if any and the earning capacity of the appellee, the needs and expenses of the minor child and the appellee, and the standard of living to which the child was accustomed. *Commonwealth ex rel. Wasiolek v. Wasiolek*, 251 Pa.Super. 108, 380 A.2d 400 (1977); *Kaper v. Kaper*, 227 Pa.Super. 377, 323 A.2d 222 (1974).

No matter how the hearing judge may personally feel concerning the alleged delinquency of the parent in supporting his child, it is well established that the order must be fair and not confiscatory and that the purpose of the order is the maintenance and welfare of the child not the punishment of the parent. *Commonwealth ex rel. Hauptfuhrer v. Hauptfuhrer*, 226 Pa.Super. 301, 310 A.2d 672 (1973); *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974).

The record contains statements by the court that plainly indicated his indignation that would have best not been used. He states: "... he's not supporting her, we are supporting the child, now it's his turn to support her. He had a fifteen year free ride to do what he wanted, all we can nail him for is two years."

When Paul Dixon, the appellant, took the stand this questioning took place: THE COURT: How big is that diamond you've got on your hand? THE DEFENDANT: It's a small one. THE COURT: Small one, huh."

However, it is interesting to note that the wife waited fifteen years to bring this action and reading between the lines of this record she was prodded to action by the Department of Public Assistance.

■ It may well be that the order made is fair and reasonable but under the circumstances of this case, we find an abuse of discretion by the court below as discussed above, and reverse both orders and remand the case to the court below for full hearing and determination of the matters discussed in this opinion.