444 A.2d 124

**Kenneth O. BENDER, Jr., Appellant**

**v.**

**Theresa A. BENDER.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1980.

Filed April 12, 1982.

William J. Litvin, West Chester, for appellant.

Cynthia J. Rosenthal, West Chester, for appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

CAVANAUGH, Judge:

Appellant Kenneth Bender seeks review of an order indefinitely suspending appellee Theresa Bender's obligation to provide support for their nine-year-old daughter, Heather Christina Bender. Mrs. Bender successfully argued before the court below that her obligation to support Heather should be suspended while she remains at home with her infant daughter, Nicole Ginning Brown. For the reasons discussed below, we remand the case for a further evidentiary hearing.

At the time of the hearing below, the parties were in the process of getting a divorce. Mr. Bender had been awarded permanent custody of Heather, the parties' only child. He initiated support proceedings against Mrs. Bender in December, 1978. The court conducted a full hearing during which the parties presented evidence of their respective earning capacities. On April 16, 1979, the court entered an order directing Mrs. Bender to pay support for Heather in the amount of $25.00 per week effective retroactively to December 4, 1978, the date the complaint was filed. Because Mrs. Bender was approximately eight months pregnant at the time of the hearing, the support order was made effective

only until January 22, 1979 [1] at which time it was suspended until six weeks following the birth of her baby. The order provided that following the six week hiatus, the payments were to be resumed at the weekly rate of $16, plus $4 per week towards arrearages. No appeal was taken from this order and appellee has made no payments thereon.

Nicole Ginning Brown was born on May 13, 1979. Mr. Bender is not the father of this child. According to the terms of the original order, Mrs. Bender's obligation to pay support for Heather would have recommenced on June 26, 1979. Mrs. Bender made a decision at some point not to return to work after Nicole's birth but rather to remain at home to care for her new baby. On November 9, 1979, she filed a petition to suspend the support order. Mr. Bender then filed a petition seeking to have Mrs. Bender held in contempt for failing to pay pursuant to the order. Following a hearing on both petitions, the court, on April 19, 1980, entered an order suspending indefinitely Mrs. Bender's obligation to pay support for Heather. The court based its decision upon a finding that Mrs. Bender was entitled to remain at home to nurture Nicole.

The parties, as well as the court below, concluded that the outcome of the case depended upon a determination of whether the "nurturing parent doctrine" established by this court in *Commonwealth ex rel. Wasiolek v. Wasiolek*, 251 Pa.Super. 108, 380 A.2d 400 (1977) applies in this case. In *Wasiolek*, the lower court ordered a mother of three minor children to seek employment so that she could contribute to the support and maintenance of the children. The mother, who had primary custody of the children, felt that her presence in the home was more important to the children than the money she would be able to contribute if she was gainfully employed. We agreed and reversed the order, thus carving out an exception to the general rule that a mother has an obligation of support measured not by her

1. Mrs. Bender, due to her pregnancy, had left her job as a licensed practical nurse on January 22, 1979.

actual earnings but rather by her earning capacity.[2] We stated in *Wasiolek* that:

> [T]he purpose of a support order is the furtherance of the welfare and best interests of the child for whom it is entered. Obviously, a court cannot ignore the substantial nonmonetary contributions made by a non-working spouse. It would surely be ironic if by its support order a court were to dictate that a parent desert a home where very young children were present when the very purpose of the order is to guarantee the welfare of those same children. Such an order would ignore the importance of the nurture and attention of the parent in whose custody the children have been entrusted and would elevate financial well-being over emotional well-being.

251 Pa.Super. at 112–13, 380 A.2d at 402–03. (citations omitted).

Mr. Bender argues for a restrictive interpretation of *Wasiolek,* asking us not to apply the "nurturing parent doctrine" where the child to be "nurtured" is not the subject of the support order. Mrs. Bender, on the other hand, contends that the principles articulated in *Wasiolek* are applicable even though Nicole is not the subject of the support order. The lower court evidently felt that *Wasiolek* controlled its disposition of the instant case. The court stated in its opinion that "*Wasiolek* established the so-called 'nurturing parent' doctrine, in holding that the earning capacity of a mother who chooses to stay home with her child is not a factor in determining support obligations. . . . We believe that this doctrine, in this case, obliges us to grant the relief which Mrs. Bender seeks."

■ We believe the lower court's interpretation of *Wasiolek* is erroneous. We did not there establish an absolute rule that an earning capacity can not be imputed to a parent who chooses to stay home with a minor child. Rather, we held that a court should *consider* a parent's desire to stay home to nurture minor children and, in appropriate cases, excuse

---

**2.** See *Commonwealth ex rel. Kaplan v. Kaplan,* 236 Pa.Super. 26, 344 A.2d 578 (1975).

such a nurturing parent from contributing support payments. This court has always recognized that:

"No two support cases are ever alike. Circumstances, although similar in some respect, may differ materially in other respects. It is for the court to consider all the circumstances. It is difficult for an appellate court to state rules equally applicable to all cases."

*Commonwealth ex rel. Kaplan v. Kaplan,* 236 Pa.Super. 26, 28, 344 A.2d 578, 579 (1975), citing *Hecht v. Hecht,* 189 Pa.Super. 276, 150 A.2d 139 (1959). In fact, we clearly stated in *Wasiolek* that we were *not* promulgating an absolute rule.

Of course, a court is not strictly bound by the nurturing parent's assertion that the best interest of the child is served by the parent's presence in the home. It is for the court to determine the child's best interest. But the court must balance several factors before it can expect the nurturing parent to seek employment. Among those factors are the age and maturity of the child; the availability and adequacy of others who might assist the custodian-parent; the adequacy of available financial resources if the custodian-parent does remain in the home. We underscore that, *while not dispositive*, the custodian-parent's perception that the welfare of the child is served by having a parent at home is to be accorded significant weight in the court's calculation of its support order.

251 Pa.Super. at 113–14, 380 A.2d at 403. (Emphasis added).

The court below failed to consider the factors discussed in *Wasiolek.* In fact the court sustained objections to questions asked by Mrs. Bender's counsel in an attempt to elicit information as to Mr. Bender's ability to support Heather on his earnings alone. The court held that evidence of Mr. Bender's earnings was not relevant to the issue of whether Mrs. Bender's support obligation should be suspended. T. 107(a)–08(a). On the contrary, Mr. Bender's ability to support Heather is, according to *Wasiolek,* a major factor to be considered in determining whether Mrs. Bender should be permitted to remain at home with Nicole. Therefore the court on remand should consider this evidence. It should

also consider Nicole's age and "the availability and adequacy" of people who might assist Mrs. Bender in caring for Nicole should Mrs. Bender be required to return to work in order to provide support for Heather. In addition to these factors which are specifically enunciated in *Wasiolek*, the court on remand may wish to consider the fact that the child to be "nurtured" is not the subject of the support order, although we do not feel that this fact necessarily removes this case from the application of the "nurturing parent doctrine."

We are aware that the custody and support of Heather has been a troublesome matter for the trial court and this court, *see Bender v. Bender*, 261 Pa.Super. 12, 395 A.2d 279 (1978). However, we are fearful that the decision of the trial court may signal a revitalization of the tender years doctrine which has been discontenanced. It is important, therefore, that the court on remand consider all the circumstances, particularly those discussed in *Wasiolek*, before suspending Mrs. Bender's support obligation. Mrs. Bender's desire to stay home with Nicole is just one of several factors relevant to a determination of whether she should be required to provide financial support for Heather.

Case remanded for proceedings consistent with this opinion. We do not retain jurisdiction.