465 A.2d 27

**COMMONWEALTH of Pennsylvania ex rel. Darlene Rishel ROBINSON**

v.

**Allan Bryan ROBINSON, Appellant.**

Superior Court of Pennsylvania.

Argued May 4, 1983.

Filed Aug. 26, 1983.

John T. Snavely, II, Lansdowne, for appellant.

Nicholas J. Emper, Media, for appellee.

Before McEWEN, CIRILLO and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the lower court's order requiring appellant to pay $90 weekly in child and spousal support. Because we find the record insufficient to support the order, we vacate the order of the lower court and remand for further evidentiary hearings.

The parties were married on October 10, 1970, and the children were born on July 8, 1971 and December 13, 1974. On January 22, 1982, appellee-wife and the children left the marital abode and subsequently brought this action for support. Following a hearing, the lower court ordered appellant to pay $35 a week for each child and $20 for appellee. The lower court denied exceptions, prompting this appeal.

■■■■ "[I]n evaluating support orders, our scope of review is limited to ascertaining whether there was sufficient evidence to sustain the order and whether there has been an abuse of discretion by the lower court." *Shank v. Shank,* 298 Pa.Superior Ct. 459, 462, 444 A.2d 1274, 1276 (1982). Support orders must be fair, not confiscatory, and must be consistent with the parents' and children's station in life and

customary standard of living. *Commonwealth ex rel. Cragle v. Cragle*, 277 Pa.Superior Ct. 349, 352, 419 A.2d 1179, 1180–81 (1980). *Accord Shank v. Shank, supra.* Here, the lower court found that appellant earned $227.36 and appellee $20 each week. Appellant also established his weekly expenses. Appellee, however, submitted an expense sheet that was almost entirely conjectural. Although her parents were providing her and the children with food and shelter, she nonetheless submitted weekly expenses of $236. The enumerated expenses included gas, oil, insurance and repair of a non-existant automobile. She included rent, utilities and other items fully paid for by her parents and submitted food expenses greater than what her parents had been paying because "the children should be eating better." (N.T. May 27, 1982 at 23). In short, her expense sheet provided the court with her desired rather than actual expenses. (*Id.* at 24). The lower court acknowledged the lack of evidence, noting that "[w]e did not then accept the expenses as set forth in the sum of Two hundred, thirty-six dollars ($236)." Lower Court Op. at 6. The court, however, has not informed us as to the basis of its decision, nor does the record provide any evidence upon which it could have properly based a determination. Accordingly, because the record below is void of competent evidence of appellee's and the children's needs, we must vacate the order of the lower court and remand for further evidentiary hearings and a new order.*

---

* Appellant contends also that the lower court erred in refusing to order appellee to work to help support the children. Because we have vacated the lower court's order, we need not address that contention. We note, however, that in balancing the many factors required to determine whether a nurturing parent should remain home or work as set forth in *Commonwealth ex rel. Wasiolek v. Wasiolek*, 251 Pa.Superior Ct. 108, 380 A.2d 400 (1977), the lower court held that the benefit to the children after an unpleasant separation of having their mother home outweighed the benefits of her wage earnings. On remand, the court may well find that the passage of time has shifted the balance.

We cannot agree with appellant's contention that the lower court erred in ordering appellant to pay the children's medical bills, particularly when he has medical insurance.

Order vacated and case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

McEWEN, J., files a dissenting opinion.

McEWEN, Judge, dissenting:

While the expression of the majority view reflects a careful consideration of the issue before us, I am compelled to most respectfully dissent.

The hearing judge, the distinguished Delaware County Common Pleas Court Administrative Judge Howard F. Reed, determined that appellant earned $227.36 per week while appellee had weekly earnings of $20.00. The two children were on May 27, 1982, the date of the Order for Support, ten and seven years old. Appellant has not appealed the determination of his liability for support.

It is true, as the majority notes, that the weekly expense figure of $236.00 claimed by appellee is conjectural since the claim embraced expenses for rent and utilities, even though she and the children were at the time of the hearing living with her parents, and included the cost of gas, oil, insurance and repair of a non-existent automobile. However, it does not appear the hearing judge was influenced by such conjecture and, in fact, to the contrary, the hearing judge states in his opinion:

> [A]ppellee, however, did testify that these are the expenses she would have if she could afford to provide for the proper support of herself and her children. We did not then accept the expenses as set forth in the sum of Two Hundred Thirty-Six Dollars ($236).

The hearing judge continued:

> Accordingly, Our order was set at Ninety Dollars ($90) per week only, which clearly reflect[s] the [appellant's] and children's need at this time.

The "need at this time" referred, of course, to the circumstances then existing which, the record reflects, included residence in the home of the parents of appellee, a house-

hold to which she would be required to contribute by reason of the fact that the sole income of the parents was the sum of $6,200.00 per year from the Social Security Administration, from which approximately $2,000.00 was needed for medical bills. There is a further circumstance that need not be the subject of testimony, namely, the sum needed to provide for even the barest minimal subsistence. Certainly the itemized statement of expense is highly relevant evidence but the need for such evidence does not become urgent and fundamental until the court is considering the imposition of an order that will exceed the cost of barest minimal subsistence.

The judicial notice taken by the hearing judge of the need of each child for an amount of support that would provide for a minimal subsistence, as well as the testimony of both parties as to their earnings and the testimony of appellee concerning the household of which she and the children were a part, provided a sufficient factual basis to enable the court to conclude that the sum of $35.00 per week per child was fair as well as consistent with the parents' and childrens' station in life and customary standard of living. The same rationale and conclusion is applicable to the order of the court that appellant pay the sum of $20.00 per week for the support of appellee herself. Thus, the judgment exercised by the hearing judge was not an abuse of discretion, *Shank v. Shank*, 298 Pa.Super. 459, 444 A.2d 1274 (1982).

Nor, in my view, is there any merit to the remaining contentions of appellant that the hearing judge erred in refusing to order appellee to secure employment so as to assist in providing adequate support for the children and that the hearing judge erred in ordering appellant to pay the medical bills of the children. *See Bender v. Bender*, 297 Pa.Super. 461, 444 A.2d 124 (1982); *Commonwealth ex rel. Wasiolek v. Wasiolek*, 251 Pa.Super. 108, 380 A.2d 400 (1977).

I would, therefore, affirm the order.