**Munger v. Yauger**

*Christine D. Chase,* for plaintiff.
*James E. Beveridge,* for defendant.

JOYCE, *J.,* June 30, 1986—Plaintiff, Timothy Munger, and defendant, Jeanne Yauger, are the natural parents of one minor child, Dawn Munger, born February 28, 1971. Following the parties' divorce in 1975, the minor child resided with the mother until 1983, at which time, her primary residence changed to that of the father.

Plaintiff filed a complaint for support on December 5, 1985, and a support conference was scheduled on January 15, 1986. In attempts to establish an appropriate award of support, the support counselor properly considered plaintiff's income and expense statement. In addition, because defendant is presently unemployed but capable of working, the support counselor imposed a minimum wage capability for defendant. As a result of the counselor's findings, the Erie County Court of Common Pleas entered an order directing defendant to pay $10 per week for the support of her minor child. Said order was stayed pending a full hearing before the court which occurred on January 31, 1986.

The issue in question is the child-support obligation of an unemployed parent to support a child of a previous marriage who is in the custody of the former spouse where the noncustodial parent maintains that a minor child of a second marriage requires her presence in the home, thereby precluding gainful employment.

Plaintiff advances the argument that the custodial and noncustodial parent share the responsibility of providing financial support for their child/children. Plaintiff contends that defendant is

capable of working, unemployed by choice and currently married to a wage earning husband and therefore should not be permitted to set aside her financial responsibility with regards to her first child in favor of the needs of her second child.

It is defendant's position that she has neither income nor earning capacity at this time because her three-year-old daughter from her current marriage requires her full-time care. Further, defendant's present husband is their sole source of income and due to the recent purchase of a home, they are financially overextended. Defendant adheres to the belief that plaintiff and his wife are capable of providing for the child and that contributions of support from defendant are unnecessary at this time. Defendant expressed a willingness to seek employment once her young child becomes of age.

It is well settled that child support is the equal responsibility of the mother and father and they are each to meet the obligation in accordance with their capacity and ability. Conway v. Dana, 456 Pa. 536, 318 A.2d 324 (1974); Melzer v. Witsberger, 505 Pa. 462, 480 A.2d 991 (1984); Sutliff v. Sutliff, 339 Pa. Super 523, 489 A.2d 764 (1985); Fee v. Fee, 344 Pa. Super 276, 496 A.2d 793 (1985).

The Conway court considered an appeal from a lower court order denying a father's request for a reduction of his child support obligation. The appellant argued that the lower court erred in failing to consider the mother's income from recently acquired employment. The court held that in addition to the father's property, income, and earning capacity, the court must look to any contribution the mother is in position to provide. Conway, 456 Pa. at 540, 318 A.2d at 326. Certainly this court would agree that where a mother and father are both employed, a court would be remiss in considering only

one party's income when assessing a support award.

However, in determining support obligations, the court is not limited to the actual earnings of the parties. In evaluating a child support obligation, factors to be considered include the parties' income, potential earning power, property holdings and financial resources. Straub v. Straub, 275 Pa. Super 106, 418 A.2d 634 (1980), Witherow v. Witherow, 288 Pa. Super 519, 432 A.2d 634 (1981). In the instant action, the court will initially focus on the defendant mother's earning capacity as there are no apparent sources of income to review other than the wages of her present husband. As indicated earlier, the courts have recognized that a mother has an obligation to support her children and that may be measured by earning ability as opposed to actual income. Conway, 456 Pa. at 540, 318 A.2d at 326. The courts have also acknowledged the nonmonetary contributions made by a nonworking parent. Wasiolek v. Wasiolek, 251 Pa. Super 108, 380 A.2d 400 (1977). The Wasiolek court dealt with the effect of the Equal Rights Amendment (Pa. Const. art. 1 §28) on Pennsylvania law governing child support. Appellant was the custodial parent of three young children who had sought an increase in child support. The lower court held that the ERA and relevant case law required the mother to contribute to her childrens' support. The mother maintained that notwithstanding proven earning capacity, it was in the childrens' best interest to remain in the home. The Superior Court favored the mother's position holding that the lower court was not obligated to take into account the mother's earning capacity. The following dicta indicates the court's reasoning.

"It would surely be ironic if by its support order a court were to dictate that a parent desert a home where very young children were present when the

very purpose of the order is to guarantee the welfare of those same children. Such an order would ignore the importance of the nurture and attention of the parent in whose custody the children have been entrusted and would elevate financial well-being over emotional well-being." Id. at 113, 380 A.2d at 403.

When a nurturing-parent asserts that the welfare of a child is best served by her presence in the home, the court set forth the factors to be examined.

"Among those factors are the age and maturity of the child; the availability and adequacy of others who might assist the custodian-parent; the adequacy of available financial resources if the custodian-parent does remain in the home." Id. at 114, 380 A.2d at 403.

The Wasiolek guidelines were tendered with the support obligation of the custodial parent of young children in mind. In Bender v. Bender, 297 Pa. Super 461, 444 A.2d 124 (1982), the Superior Court reviewed the nurturing-parent doctrine as it applies to a child who is not the subject of the support order. In this case, the father appealed a lower court ruling suspending the mother's child support obligation to her daugther who resided with her father permitting the mother to remain at home with an infant child. The Superior Court reversed the lower court decision directing the court on remand, to consider all of the factors set forth in Wasiolek, supra, and the father's ability to support the child. The fact that the mother's infant was not the subject of the support order did not prevent the court from applying the nurturing-parent doctrine. On the other hand, the Superior Court clearly stated that they did not establish an absolute rule that an earning capacity cannot be imputed to a parent who chooses to stay home with a young child. Id. at 444 A.2d 126. As indicated in Commonwealth ex rel.

Kaplan v. Kaplan, 236 Pa. Super 26, 28, 344 A.2d 578, 579 (1975) citing Hecht v. Hecht, 189 Pa. Super 276, 150 A.2d 139 (1959).

"No two support cases are ever alike. Circumstances, although similar in some respect, may differ materially in other respects. It is for the court to consider all the circumstances. It is difficult for an appellate court to state rules equally applicable to all cases."

It remains within the court's discretion to consider all of the relevant circumstances of the parents in a child support matter. The court is mindful that a child support order is not to be confiscatory but fair and commensurate with the parents' present earning ability. Commonwealth ex rel Goodman v. Delata, 219 Pa. Super 449, 281 A.2d 751 (1971); Shank v. Shank, 298 Pa. Super 459, 444 A.2d 1274 (1982). Under the circumstances in this case, the imposition of minimum wage capacity on defendant, cannot be viewed as either confiscatory or unfair. There has been no evidence offered to the court that defendant is unable to seek employment. She has chosen to delay working outside of the home, knowing that she has an obligation to her first child. That freedom of choice is material to this decision. Once the parties' family unit was altered by virture of their divorce, each individual was free to establish new personal lives including remarriage and children. However, in doing so, neither party was entitled to abandon existing parental responsibilities. The court does not want to penalize those who enter into second marriages but seeks to protect the interests of children from the first union.

For the foregoing reasons, the imposition of minimum wage capacity with regards to defendant's ability to pay child support is not inappropriate.

114

Defendant has also questioned the extent to which the court reviewed the contributions of plaintiff's present wife claiming that plaintiff's earnings combined with those of his spouse are sufficient to meet the needs of the child in question. The court may inquire into that portion of a second wife's income which is offered to defray family expenses in order to arrive at a father's ability to provide support. Shank, supra, 444 A.2d at 1276, Travitsky v. Travitsky, 230 Pa. Super 435, 326 A.2d 883 (1974). In the same vein, the court may also consider a new husband's voluntary contributions to the family budget in computing a mother's ability to provide support, Mainzer v. Audi, 266 Pa. Super 122, 403 A.2d 124 (1979). If this court were to include plaintiff's spouse's wages in plaintiff's income available for support, would the court not be required to include defendant's husband's earnings in calculating defendant's financial resources? If carried to the logical conclusion, the consideration of defendant's husband's earnings as they relate to defendant's ability to provide support would not strengthen defendant's argument that she is presently unable to pay any child support.

ORDER

And now, this June 30, 1986, it is hereby ordered, adjudged and decreed that effective December 16, 1985, defendant is to pay $10 per week for the support of one minor child, Dawn M. Munger, payable through the Erie County Support Collections Office.

It is further ordered that if defendant fails to comply with this order of court and defaults in payments, his/her wages, salary and/or commissions will be attached in accordance with law.