536 A.2d 426

**Linda BOWER, Appellee,**

v.

**Larry S. HOOVER, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1987.

Filed Jan. 20, 1988.

322

JoAnne R. Clough, Harrisburg, for appellant.
Michael R. Rundle, Carlisle, for appellee.

Before WIEAND, TAMILIA and CERCONE, JJ.

WIEAND, Judge:

In this support case, both parents have remarried and have given up employment to become full-time homemakers and to care for their two children, whose custody and support they share equally. Although both parties were able to provide half of the childrens' support from the earnings of their spouses, the trial court required the father to pay an additional one hundred twenty-one ($121.00) dollars per month to mother for the support of the children. Father appealed. We reverse. Under the circumstances of this case, the order was an abuse of discretion.

Larry S. Hoover, father-appellant, and Linda K. Bower, mother-appellee, have been divorced since 1983. Physical and legal custody of their two minor children, Ian, born February 2, 1976, and Sarah, born January 3, 1979, is shared. The children reside with each parent fifty (50%) percent of the time. Every Friday, the children change households for the following week. Both parties have remarried, and each has a child with his or her new spouse. After the birth of mother-appellee's new child, she elected to remain at home as a homemaker and, consequently, gave up a job which had been paying one hundred thirty-one ($131.00) dollars per week. Her new husband earns forty-nine thousand five hundred ($49,500.00) dollars per year. Father-appellant also terminated his employment, which had produced earnings of three hundred eighteen dollars and twenty-five cents ($318.25) per week, in order to become a homemaker and to provide full-time care for his children. His new wife, an attorney, earns thirty-eight thousand ($38,000.00) dollars per year.

In February, 1986, an order requiring father to pay support in the amount of one hundred fifty ($150.00) dollars per month for his two children was entered. Father appealed. This Court determined that the trial court record was insufficient to determine the needs of the children. Therefore, the order was vacated and the case was remanded for

further proceedings to determine the needs of the children. Following a hearing on that matter, the trial court determined that the parties were each expending approximately two hundred ($200.00) dollars per month in direct support and expenses for the children while they were in their respective homes. The court ordered father to pay the sum of one hundred twenty-one ($121.00) dollars per month for the support of the children.

The amount of an order of child support is generally within the discretion of the trial judge. *Commonwealth ex rel. Cragle v. Cragle*, 277 Pa.Super. 349, 352, 419 A.2d 1179, 1180–1181 (1980). In the absence of a manifest abuse of that discretion, a reviewing court will defer to the trial court's determination as to the amount of support to be paid. *Commonwealth ex rel. Loring v. Loring*, 339 Pa.Super. 92, 94, 488 A.2d 324, 325 (1985); *Jaskiewicz v. Jaskiewicz*, 325 Pa.Super. 507, 509, 473 A.2d 183, 184 (1984); *Shank v. Shank*, 298 Pa.Super. 459, 462, 444 A.2d 1274, 1275–1276 (1982); *Commonwealth ex rel. Cragle v. Cragle, supra; Commonwealth ex rel. Levy v. Levy*, 240 Pa.Super. 168, 170, 361 A.2d 781, 785 (1976).

Generally, "a child support order must be fair, not confiscatory, and must be consistent with the parent's station in life and customary standard of living, making due allowance for the reasonable expenses of the parent." *Commonwealth ex rel. Cragle v. Cragle, supra*, 277 Pa.Superior Ct. at 352, 419 A.2d at 1181. See: *Sutliff v. Sutliff*, 339 Pa.Super. 523, 538–539, 489 A.2d 764, 771 (1985); *Commonwealth ex rel. Robinson v. Robinson*, 318 Pa.Super. 424, 425–426, 465 A.2d 27, 28 (1983). See also: *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974). In fashioning an order of child support, the court must consider (1) the reasonable expenses of raising the children; and (2) the respective abilities of the parents to support their children. *Melzer v. Witsberger*, 505 Pa. 462, 471, 480 A.2d 991, 995–996 (1984). *Both* parents are thereafter obligated to contribute to the support of their children in accordance with their respective abilities. *Fee v. Fee*, 344 Pa.Super.

276, 282–283, 496 A.2d 793, 796 (1985); *Commonwealth ex rel. Mainzer v. Audi*, 266 Pa.Super. 122, 124, 403 A.2d 124, 125 (1979). There is no presumption that the father, solely because of his sex and without regard to the actual circumstances of the parties, must accept the principal burden of financial support for the children. See: *Conway v. Dana, supra*, 456 Pa. at 539, 318 A.2d at 326.

▮ The facts in the case sub judice are unique. Physical and legal custody of the two children in question is shared equally. The parents exchange custody of the children on a weekly basis. Therefore, each parent has custody for twenty-six (26) weeks of each year. The trial court found that each parent was expending approximately two hundred ($200.00) dollars per month in meeting the needs of their children. Each parent maintains a full set of clothing for each child. In addition, each parent expends approximately one hundred fifty ($150.00) dollars per week on reasonable household expenses. The record indicates that both parents voluntarily elected to leave the work world to assume full-time responsibility for rearing their children and that each parent relies exclusively on income produced by his or her new spouse to pay household expenses. In this manner, each parent has been able to provide fifty percent of the cost of raising the children. The children are supported reasonably and in the manner in which they were supported prior to the parties' separation.

Although the court made cursory reference to these facts, it failed to recognize that "child rearing expenses in a shared custody setting may vary from those in a sole custody setting," *Fee v. Fee, supra*, 344 Pa.Superior Ct. at 282, 496 A.2d at 796, and that, consequently, the obligations of the parents may vary as well. The expenses associated with rearing the children in this case amount to approximately four hundred ($400.00) dollars per month and each parent contributes two hundred ($200.00) dollars, or fifty percent of that amount. The amounts contributed by the parents to the support of their children are relatively equal and consistent with their respective abilities to support the

children. Under these circumstances, where the parents are equally able to support their children and where they equally share that responsibility, an order obligating the father to pay additional support and thereby become responsible for a greater share of the children's support is an abuse of discretion.

The order of support is reversed and set aside.